1  JOSHUA L. SCHEER #242722
   REILLY D. WILKINSON #250086
2  SCHEER LAW GROUP, LLP
   155 N. REDWOOD DRIVE, SUITE 100
3  SAN RAFAEL, CA  94903
   Telephone:  (415) 491-8900
4  Facsimile:  (415) 491-8910
   DS.200-005S-D
5

6  Attorneys for Movant
   Douglas G. Sykes, his successors and/or assignees
7

8             UNITED STATES BANKRUPTCY COURT FOR

9              THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

| 11 | In re: | Bk. No. 23-50023-MEH |
|---|---|---|
| 12 | Y. ROGER YU, | Chapter 13 |
| 13 | Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| 14 | | |
| 15 | | |
| 16 | | Hearing-<br>Date: February 16, 2023<br>Time: 2:30 pm |
| 17 | | Place: United States Bankruptcy Court<br>        280 South First Street |
| 18 | | Courtroom 11<br>San Jose, CA 95113-3099 |
| 19 | | **VIA VIDEO OR TELECONFERENCE** |

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**TABLE OF CONTENTS**

I. INTRODUCTION . ………………………………………………………………….. 1

II. SUMMARY OF FACTS……………………………………………………………….. 1

III. ARGUMENT……………………………………………………………………. 9

    1. Sufficient "Cause" Exists to Grant Lender's Motion for Relief from the Automatic Stay as Lender is not Adequately Protected    9

        1.1 Loan Maturity and Lack of Payment    10

        1-2 Lack of Adequate Protection …………………………………………. 10

    2. The Property is Not Necessary to an Effective Reorganization That is in Prospect    10

        2-1. Bad Faith    11

        2-2. Equity Analysis    12

        2-3. Reorganization Analysis    12

    3. "In Rem" Relief Binding on the Property Should be Granted Due to the "Bad Faith" Actions of the Debtor and His Co-Conspirators, Multiple Bankruptcies and Civil Litigation Affecting the Property    12

    4. Any Co-Debtor Stay of 11 U.S.C. § 1301 Should be Lifted    13

    5. Bankruptcy Rule 4001(a)(3) Should Be Waived    1, 14

IV. CONCLUSION…………………………………………………………………... 14

# TABLE OF AUTHORITIES

**Federal Cases**

*In re Hymes*, 2013 Bankr. LEXIS 664, 19-20 (Bankr. D. Alaska 2013) (citations omitted) ..... 13

*In re: Jacobsen*, 20 B.R. 648 (B.A.P. 9th Cir. 1982) ..... 13

*In re Jimmy Leonard*, 307 B.R. 611 (E.D.TN 2004) and In re: Pardue, 143 B.R. 434 (E.D. TX 1992 ..... 13

*In re Smith*, 1996 Bankr. LEXIS 1486, 78 A.F.T.R.2d (RIA) 7597 (Bankr. D. Cal. 1996) ..... 9

La Jolla Mortg. Fund v. Rancho El Cajon Associates, 18 B.R. 283 (Bankr. S.D. 1982) ..... 12

Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1400 (9th Cir. 1984) ..... 12

*Scripps GSB I, LLC v. A Partners, LLC* (In re A Partners, LLC), 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006) ..... 10

Sun Valley Newspapers v. Sun World Corp. (In re Sun Valley Newspapers), 171 B.R. 71, 75 (Bankr. Fed. App. 1994 ..... 11

United Sav. Asso. v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 376 (U.S. 1988) at page 376 ..... 11

**Statutes & Treatises**

11 U.S.C. § 362(d)(1) ..... 1, 9, 10, 12, 14

11 U.S.C. § 362(d)(2) ..... 1, 10, 11, 14

11 U.S.C. § 362(d)(4) ..... 1, 13, 14

11 U.S.C. § 1301 ..... 13

Bankruptcy Rule 4001(a)(3) ..... 1, 14

1  Douglas G. Sykes, his successors and/or assignees, ("**Movant**"), submits this
2  Memorandum of Points and Authorities in Support of its Motion for Relief from Automatic Stay
3  filed in the above-captioned bankruptcy. This Memorandum is based on the pleadings and
4  records on file in this matter, the Declaration of Douglas G. Sykes ("**Movant's Declaration**"),
5  the Motion for Relief from Automatic Stay ("**Motion**"), submitted herewith and the pleadings
6  and records on file in this matter Movant also requests that the Court take Judicial Notice of
7  certain documents of public record and on file with this Court in Debtor's Bankruptcy, in
8  accordance with FRE 201. Movant's Motion concerns the following property: **1047 Cherry**
9  **Street, San Carlos, CA 94070** ("**Cherry Street Property**").

## I. INTRODUCTION

The Debtor is perpetrating a fraud on Movant and the Court. The Debtor and his associates have filed six (6) State Court actions and seven (7) bankruptcy filings in their efforts to hinder, delay, and defraud Movant from proceeding with the foreclosure action on the Cherry Street Property as well as three other properties. In fact, since, October 10, 2022, there have been three (3) bankruptcies purportedly affecting the Cherry Street Property purportedly affecting the Cherry Street Property by two separate Debtors and two (2) state court actions purportedly affecting the Cherry Street Property filed by Yolanda Jin. As a result, Movant is seeking in rem relief pursuant to 11 U.S.C. § 362(d)(4) to put an end to the Debtor's bad acts. In addition, Movant requests relief from stay, under 11 U.S.C. § 362(d)(1), 11 U.S.C. § 362(d)(2), with a waiver of FRBP 4001.

## II. FACTS

1. Yintao Yu, Trustee of the 1047 Cherry Street Trust, Dated July 28, 2017 ("**Borrower**") is the borrower on the Cherry Street Property as specified in the Note and Deed of Trust which is the subject of this Motion for Relief from the Automatic Stay. The borrower's aka is Y. Roger Yu. The Debtor as a trustee of certain trusts, is also the borrower on three other properties which are discussed below and are the subject of three other motions pending now, or soon to be pending before this Court. [*See* Movant's Declaration, paragraph 3.]

2. Movant is the current payee of a Promissory Note dated November 11, 2020 in

the principal amount of $308,000.00 (the "**Cherry Street Note**") secured by a Second Deed of Trust of same date, which bears interest as specified therein. The indebtedness evidenced by the Note is secured by a Second Deed of Trust (the "**Cherry Street Deed of Trust**") executed and recorded in San Mateo County and which encumbers the Property. [*See* Movant's Declaration, paragraph 6 and paragraph 7, Exhibits "A" and "B", respectively.]

3. Movant is the current holder of the Note and maintains all beneficial interest relating to the subject loan. [*See* Movant Declaration, paragraph. 8.]

4. The Debtor and his associates filed several frivolous State Court lawsuits, seeking to stall foreclosure of the Cherry Street Property, as well as three other properties. When that failed, the Debtor and his associates filed a total of seven (7) bankruptcy filings to stall the sales. A summary of the bankruptcy filings and the lawsuits is as follows:

**State Court Lawsuit, San Mateo Superior Court, Case No. 22CIV04149 ("First Cherry Street State Court Action") Cherry Street Property**

After default on the Cherry Street Note, Movant proceeded with foreclosure on the Cherry Street Property. On October 10, 2022, two days prior to the foreclosure sale, Yolanda Jin (**"Jin"**) filed a Petition for Temporary Restraining Order ("**First Cherry Street Petition for TRO**") which was filed in the San Mateo Superior Court, Case No. 22CIV04149 ("**First Cherry Street State Court Action**"). Also on October 10, 2022, Jin filed an Ex Parte Application for Temporary Restraining Order ("**First Cherry Street App for TRO**"). Despite filing a proof of service declaring that Movant was served with the First Cherry Street App for TRO, Movant was never served as he was out of town at the time. As a result, the Court granted the First Cherry Street App for TRO and set an Order to Show Cause Hearing ("**First Cherry Street OSC**") for October 27, 2022. Movant opposed the First Cherry Street OSC and, on November 8, 2022, the Court issued the Order Denying Preliminary Injunction ("**First Cherry Street Order Denying PI**"). [*See* Movant's Declaration, paragraph 9, Exhibit "C".]

**First Jin Bankruptcy (Debtor: Yolanda Jin, Case No. 22-30626-DM) Cherry Street Property**

On November 15, 2022, a week after the Court in the Cherry Street State Court

Action issued the First Cherry Street Order Denying PI, Jin filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-30626-DM ("**First Jin Bankruptcy**"). Jin in her Bankruptcy Petition, filed in the First Jin Bankruptcy, failed to list her Social Security Number. The First Jin Bankruptcy was dismissed on December 2, 2022 due to her failure to file required documents. [*See* Movant's Declaration, paragraph 9, Exhibit "D" and Exhibit "E", respectively.]

**Second Jin Bankruptcy (Debtor: Yolanda Jin, Case No. 22-30660-DM) Cherry Street Property**

On December 2, 2022, Jin filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-30660-DM ("**Second Jin Bankruptcy**"). Jin failed to list her Social Security Number. Instead she stated in the Petition that she has applied for a ITIN ("**Tax Payer Identification Number**") and that it is still pending. On December 29, 2022, Jin filed an Ex Parte Motion to Extend Automatic Stay ("**Jin Motion to Extend**"). The Jin Motion to Extend was identical to the First Ben Yu Motion to Extend and the Second Ben Yu Motion to Extend (discussed below). On January 3, 2023, the Court denied the Jin Motion to Extend. On January 5, 2023, due to Jin's failure to file missing documents, the Court issued an Order and Notice of Dismissal for Failure to Comply. [*See* Movant's Declaration, paragraph 9, Exhibit "F" and Exhibit "G", respectively.]

**State Court Lawsuit, San Mateo Superior Court, Case No. 23CIV00088 ("Second Cherry Street State Court Action") Cherry Street Property**

On January 9, 2023, two days prior to the scheduled Foreclosure sale, and days after the Jin Motion to Extend was denied, Debtor filed an Ex Parte Application for Temporary Restraining Order ("**Second Cherry Street App for TRO**"). On January 9, 2023, the Court issued the TRO ("**Second Cherry Street TRO**") and set an Order to Show Cause Hearing **("Second Cherry Street "OSC"**) for February 17, 2021. Movant was not served with the Second Cherry Street App for TRO and therefore had no way to oppose. The Second Cherry Street State Court Action is still pending. [*See* Movant's Declaration, paragraph 9, Exhibit "H".]

///

**First Y. Roger Yu Bankruptcy (Debtor: Y. Roger Yu, Case No. 23-50023-MEH) Cherry Street Property**

On January 11, 2023, Debtor filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 23-50023-MEH ("**First Y. Roger Yu Bankruptcy**"). The Debtor has filed an incomplete Petition and the Court issued an order to file required documents and notice of automatic dismissal on January 11, 2023. [*See* Movant's Declaration, paragraph 9, Exhibit "I".]

4. Movant has been informed that the Cherry Street Property has been deemed unsafe due to "foundation defects" and "property converted without benefit of permit". As a result, the Cherry Street Property has been "red tagged". . [*See* Movant's Declaration, paragraph 10, Exhibit "J".]

5. Movant's loan is all due and payable as it matured on December 1, 2022. The amount owed to Movant is currently $350,769.50. [*See* Movant's Declaration, paragraphs 11 and paragraph 12].

5. Due to the Borrower's default on the loan my Notice of Default was recorded on June 9, 2022. The Original Sale date was scheduled for October 12, 2022. Due to the Bankruptcy filing the Foreclosure sale has been postponed to February 22, 2023. [*See* Movant's Declaration, paragraph 15.]

6. Debtor, as Trustee of certain Trusts, is not only the borrower on the Cherry Street Property, but he is the borrower on three (3) additional properties relating to loans Movant made. The other three properties are **36500 Alder Court, Fremont, CA 94536** ("**Alder Court Property**"), **37591 3rd Street, Fremont, CA** ("**3rd Street Property**"), and **115 College Avenue, Mountain View, CA 94040** ("**College Avenue Property**"). The Debtor and his associates are involved in a part of a scheme to delay, hinder, or defraud Movant. [*See* Movant's Declaration, paragraph 16.]

**State Court Lawsuit, Santa Clara Superior Court, Case No. 22CV404291 ("First College Avenue State Court Action") College Avenue Property**

Movant is also the current payee of a Promissory Note dated November 16, 2020

in the principal amount of $285,000.00 (the "**College Ave Note**") secured by a Second Deed of Trust secured by the College Avenue Property. On October 10, 2022, two days prior to the scheduled foreclosure sale of the College Avenue Property, Ben Yu ("**Ben Yu**") filed an Ex Parte Application for Temporary Restraining Order ("**First College Avenue App for TRO**"), allegedly affecting the College Avenue Property, which was filed in the First College Avenue State Court Action. Despite filing a proof of service declaring that Movant was served with the First College Avenue App for TRO, Movant was never served as he was out of town at the time. As a result, the Court issued a temporary restraining order and set a hearing on an order to show cause as to why an injunction should not be issued ("**College Avenue OSC**"). Movant opposed the College Avenue OSC and, on October 24, 2022, the Court issued an Order Denying TRO and OSC ("**First College Avenue Order Denying OSC**"). [*See* Movant's Declaration, paragraph 16, Exhibit "K".]

**First Ben Yu Bankruptcy (Debtor: Ben Yu, Case No. 22-50976-SLJ) College Avenue Property**

On October 26, 2022, two days after the Court in the First College Avenue State Court Action issued the First College Avenue Order Denying OSC, Ben Yu filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-50976-SLJ ("**First Ben Yu Bankruptcy**"). In his Bankruptcy Petition, Ben Yu failed to list the last four digits of his Social Security Number. [*See* Movant's Declaration, paragraph 16, Exhibit "L".] Ben Yu failed to file the missing documents, and as a result, the Court issued an Order and Notice of Dismissal on November 10, 2022. [*See* Movant's Declaration, paragraph 16, Exhibit "M.]

**Second Ben Yu Bankruptcy (Debtor: Ben Yu, Case No. 22-51110-MEH) College Avenue Property**

On December 9, 2022, less than 30 days after the First Ben Yu bankruptcy was dismissed and three before the continued foreclosure sale, Ben Yu filed another bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-51110-MEH ("**Second Ben Yu Bankruptcy**"). Once again, Ben Yu filed an incomplete

Petition and the Court issued an order to file required documents and notice of automatic dismissal on December 9, 2022. Additionally, in his Second Ben Yu Bankruptcy Petition, Ben Yu again failed to list the last four digits of his Social Security Number. [*See* Movant's Declaration, paragraph 16, Exhibit N".] On January 4, 2023, Ben Yu filed an Ex Parte Motion to Extend the Automatic Stay ("**First Ben Yu Motion to Extend**"). Ben Yu's First Motion to Extend was identical to the Motion to Extend filed by his associate, Yolanda Jin, in Bankruptcy Case No. 22-30660-DM (discussed above). On January 5, 2023, due to procedural deficiencies, the Court denied the First Ben Yu Motion to Extend. On January 6, 2023, Ben Yu filed an Ex Parte Motion to Set Hearing for Extension of the Automatic Stay ("**Ben Yu's Second Motion to Extend**"). On January 11, 2023, after hearing, the Court issued an Order Denying Ben Yu's Second Motion to Extend the Automatic Stay. [*See* Movant's Declaration, paragraph 16, Exhibit "O".]

**State Court Lawsuit, Santa Clara Superior Court, Case No. 23CV409727 ("Second College Avenue State Court Action") College Avenue Property**

On January 10, 2023, before the hearing on Ben Yu's Second Motion to Extend and the day before the continued scheduled foreclosure sale of the College Avenue Property, the Debtor, in the Second College Avenue State Court Action, filed an Ex Parte Application for Temporary Restraining Order ("**Second College Avenue App for TRO**") affecting the College Avenue Property. Movant was not served with the Second College Avenue App for TRO. At the hearing, on January 10, 2023, which Movant was not aware of at the time, the Court denied the Second College Avenue App for TRO due to Debtor's failure to provide a proof of service and because there was no showing of a likelihood of success on the merits. ("**Second College Avenue Order Denying TRO**"). The foreclosure sale on the College Avenue Property is currently scheduled for January 25, 2023. [*See* Movant's Declaration, paragraph 16, Exhibit "P".]

**State Court Lawsuit, Alameda Superior Court, Case No. 22CV019563 ("3rd Street State Court Action") 3rd Street Property**

Movant is also the current payee of a Promissory Note dated November 17, 2020,

in the principal amount of $210,000.00 (the "**3rd Street Note**") secured by a Second Deed of Trust secured by the 3rd Street Property. On October 14, 2022, four (4) days prior to the foreclosure sale of the 3rd Street Property, Harry Yu ("**Harry Yu**") filed a Complaint and Ex Parte Application for Temporary Restraining Order Without Hearing ("**3rd Street App for TRO**"), allegedly affecting the 3rd Street Property, which was filed in the Alameda Superior Court, Case No. 22CV019563 ("**3rd Street State Court Action**"). Also on October 14, 2022, Harry Yu filed a Motion for Preliminary Injunction ("**3rd Street MTN FOR PI**"). On October 14, 2022, the Court granted the 3rd Street App for TRO, issued a temporary restraining order ("**3rd Street TRO**"), and scheduled a Hearing on the 3rd Street MTN FOR PI for October 26, 2022. Harry Yu claimed that he served Movant with the 3rd Street MTN FOR PI. However, Movant was not served as he was out of town at the time. Movant opposed the 3rd Street MTN FOR PI and, on December 22, 2022, the Court issued an Order Denying the 3rd Street MTN FOR PI ("**3rd Street Order Denying PI**"). [*See* Movant's Declaration, paragraph 16, Exhibit "Q".]

**Harry Yu Bankruptcy, (Debtor: Harry Yu, Case No. 22-41324-WJL) 3RD Street Property**

On December 30, 2022, just one week after the Court in the 3rd Street State Court Action issued the Order Denying 3rd Street MTN FOR PI, Harry Yu ("**Harry Yu**") filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-41324-WJL ("**Harry Yu Bankruptcy**"). Harry Yu failed to list his Social Security Number on the Petition. Additionally, Harry Yu filed an incomplete Petition. [*See* Movant's Declaration, paragraph 16, Exhibit "R".] Therefore, on December 30, 2022, the Court issued an Order to File Required Documents and Notice of Automatic Dismissal. The foreclosure sale for the 3rd Street Property is currently scheduled for January 31, 2023. [*See* Movant's Declaration, paragraph 16, Exhibit "S".]

**State Court Lawsuit, Alameda Superior Court, Case No. 22CV019561 ("Alder Court State Court Action") Alder Court Property**

Movant is also the current payee of a Promissory Note dated November 11, 2020, in the principal amount of $307,000.00 (the "**Alder Court Note**") secured by a Second Deed of Trust secured by the Alder Court Property. On October 14, 2022, four (4) days prior to the

foreclosure sale of the Alder Court Property, Brian Yu ("**Brian Yu**") filed a Complaint and Ex Parte Application for Temporary Restraining Order ("**Alder Court Complaint and Alder Court App for TRO**"), allegedly affecting the Alder Court Property, which was filed in the Alameda Superior Court, Case No. 22CV019561 ("**Alder Court State Court Action**"). On October 17, 2022, the Court set an Order to Show Cause for Preliminary Injunction ("**Alder Court OSC**") for November 10, 2022. Movant opposed the Alder Court OSC and after hearing, on December 22, 2022, the Court issued an Order Denying the Preliminary Injunction ("**Alder Court Order Denying PI**"). [*See* Movant's Declaration, paragraph 16, Exhibit "T".]

**Brian Yu Bankruptcy, (Debtor: Brian Yu, Case No. 22-41315-WJL) Alder Court Property**

On December 29, 2022, just one week after the Court in the Alder Court State Court Action issued the Alder Court Order Denying PI, Brian Yu filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-41315-DM ("**Brian Yu Bankruptcy**"). Brian Yu failed to list his Social Security Number on the Petition. Additionally, Brian Yu filed an incomplete Petition. [*See* Movant's Declaration, paragraph 16, Exhibit "U".] Therefore, on December 29, 2022, the Court issued an Order to File Required Documents and Notice of Automatic Dismissal. [*See* Movant's Declaration, paragraph 16, Exhibit "V".] On January 12, 2023, Brian Yu filed an Ex Parte Motion to Extend Time to File Case Opening Documents ("**Brian Yu's Motion to Extend Time To File Documents**"). On January 13, 2023, the Court granted Brian Yu's Motion to Extend Time To File Documents. The Brian Yu Bankruptcy is still pending at this time. The foreclosure sale for the Alder Court Property is currently scheduled for January 31, 2023. [*See* Movant's Declaration, paragraph 16, Exhibit "W".]

7. Movant's records reflect that there is currently a First trust deed on the Cherry Street Property in favor of Mortgage Electronic Registration Systems, Inc., solely as nominee for HSBC Bank USA, N.A., its successors and assigns **("Sr. Lienholder")**. Movant has been informed that the estimated amount due to the Sr. Lienholder is approximately $650,000.00. [*See* Movant's Declaration, paragraph 17.]

8. On August 30, 2022, prior to the Debtor commencing his fraudulent

scheme, Movant received an email from Mark J. Markus ("**Attorney Markus**"). In his email, Attorney Markus informed Movant of the following:

- Each of the Properties owned by the Debtor "have been declared uninhabitable by City inspectors…."
- "[T]he cost to bring the properties into compliance and make them habitable would exceed the equity there may be in any of the properties"
- "None of the properties has [sic] tenants and are not, therefore receiving rental income."
- "[A]ll four properties have been declared uninhabitable and were abandoned long ago and nobody can live in any of the four properties."

[*See* Movant's Declaration, paragraph 18, Exhibit "X".]

9. Movant has been active in the real estate market since 1979 and believes the Property's fair market value is approximately $850,000.00 after closing costs. This is based on the based on the neglected condition of the Property, which has been red tagged. Movant requests that the Court take Judicial Notice of this value pursuant to F.R.E. 201. [See Movant's Declaration, paragraph 19.]

10. To date the Debtor has not filed his Plan and/or Schedules. [*See* First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket in general.]

### III. ARGUMENT

**1. Sufficient "Cause" Exists to Grant Lender's Motion for Relief from the Automatic Stay as Lender is not Adequately Protected.**

11 U.S.C. §362(d)(1) provides that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

Cause to terminate the stay exists whenever the stay will harm the creditor and lifting the stay will not unjustly harm the debtor or other creditors. In re Smith, 1996 Bankr. LEXIS 1486, 78 A.F.T.R.2d (RIA) 7597 (Bankr. D. Cal. 1996). "Factors to consider in determining whether

the automatic stay should be modified for cause include: (1) an interference with the bankruptcy; (2) good or bad faith of the debtor, (3) injury to the debtor and other creditors if the stay is modified; (4) injury to the movant if the stay is not modified; and (5) the relative portionality of the harms from modifying or continuing the stay" <u>Scripps GSB I, LLC v. A Partners, LLC</u> (In re A Partners, LLC), 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006). Here, there is sufficient "cause" to grant relief from the automatic stay.

**Loan Maturity and Lack of Payment**

As stated above and in Movant's Declaration, Movant's loan has matured and is all due and payable as of December 1, 2022. Debtor has not made any payments or payed off the loan. Debtor's lack of payment or to pay off the loan is cause for relief under 362(d)(1).

**Lack of Adequate Protection**

As stated above and in Movant's Declaration, Debtor has not provided Movant with sufficient adequate protection. Movant's Note has matured and is all due and payable as of December 1, 2022, with a balance as of January 16, 2023 of $350,769.50. Based on neglect of the Cherry Street Property and because the Cherry Street property has been red tagged, the estimated value is $850,000.00. When accounting for the Sr. Lienholders's first lien, in the amount of $650,000.00, there is no equity cushion. The lack of equity cushion in the Property does not provide Movant adequate protection and is cause for relief under 3621(d)(1). The equity picture is even more dire when taking into consideration an 8% cost of sale.

**2. The Property is Not Necessary to an Effective Reorganization That is in Prospect.**

11 U.S.C. §362(d)(2) provides an independent basis for Movant to obtain relief from the stay and contains the following requirements:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…
>  (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization."

As held by the Supreme Court in examining the requirements of a request for relief from stay under 11U.S.C. §362(d)(2):

> …"the property {must be} essential for an effective reorganization <u>that is in prospect</u>…" <u>(See United Sav. Asso. v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 376 (U.S. 1988)</u> at page 376).

When interpreting the burden of proof that must be satisfied by the Debtor in showing that reorganization is in prospect, courts have found the following:

> …"the burden of proof is a "moving target which is more difficult to attain as the Chapter 11 case progresses… the burden can be separated into four stages based upon when the creditor requests relief from the automatic stay. In the early stage of the case, "the burden of proof . . . is satisfied if the debtor can offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" Near the expiration of the exclusivity period, "the debtor must demonstrate that a successful reorganization within a reasonable time is 'probable.'". After the expiration of the exclusivity period, **"the debtor must offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'assured'.** Regardless of the amount of time a case has been pending, if "the evidence indicates that a successful reorganization within a reasonable time is 'impossible,' the court must grant relief from the stay." (*See* <u>Sun Valley Newspapers v. Sun World Corp</u>. (In re Sun Valley Newspapers), 171 B.R. 71, 75 (Bankr. Fed. App. 1994), at page 75 (emphasis added, additional citations omitted).

### Bad Faith

The Debtor and his associates have engaged in a scheme to hinder, delay and defraud Movant have stalling its foreclosures on four properties via these bankruptcies and their frivolous State Court actions. All of the bankruptcy filings have been incomplete filings. To make the scheme more egregious, the Debtor and/or his associates have filed false proofs of service several of their State Court actions stating they served Movant when, in fact, they had not served Movant, as he was out of town. As described above, Movant has been forced to postpone the foreclosure sales on all four the properties due to the bad faith actions by the Debtor and his associates. The Debtor has yet to file his schedules or a plan. The Debtor's acts are bad faith attempts to stall Movant's valid foreclosure actions.

**Equity Analysis**

The court must first determine whether there is any equity in the Cherry Street Property. "Equity" is defined as "the value, above all secured claims against the property that can be realized from the sale of the property for the benefit of the unsecured creditors." Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1400 (9th Cir. 1984); See also La Jolla Mortg. Fund v. Rancho El Cajon Associates, 18 B.R. 283 (Bankr. S.D. 1982). Here, the estimated value of the Cherry Street Property is $850,000.00. The total liens on the Property total approximately $1,000,769.50. When taking into consideration the 8% cost of sale, the amount is $1,068,814.20. Additionally, Movant has been informed all of the properties owned by the Debtor were declared uninhabitable by City inspectors. When considering the costs to bring the properties into compliance and make them habitable would exceed the equity there may be in any of the properties. Therefore, there is no equity in the Cherry Street Property for the benefit of the estate.

**Reorganization Analysis**

The Debtor has failed to file schedules. This is another attempt by the Debtor and/or his associates to thwart, hinder, and delay Movant from proceeding with the Foreclosure process. There is no reorganization on the horizon as Movant's loan is all due and payable as it fully matured on December 1, 2022, and the Debtor has failed to pay off the loan and/or make any payments since filing his Bankruptcy Petition. Not only is this default cause for relief due to his failure to provide creditors adequate protection, but it is also cause for relief as it is a clear indicator that the Debtor has no ability to reorganize.

    **3.** **"In Rem" Relief Binding on the Property Should be Granted Due to the "Bad Faith" Actions of the Debtor and His Co-Conspirators, Multiple Bankruptcies and Civil Litigation Affecting the Property**

Movant is seeking relief from stay pursuant to 11 U.S.C. § 362(d)(1) for "cause" given the lack of payments and due to the bad faith as described in the Motion and this memorandum. Lender is also requesting relief from stay, binding on the Property for a period of two years,

pursuant to 11 U.S.C. § 362(d)(4) due to the multiple filings (bankruptcy and state court) affecting the Cherry Street Property and other properties.

Courts in the 9th Circuit have held that "[t]o make the conduct actionable under § 364(d)(4), however, the scheme to hinder or delay "must be devised and contrived of malice, fraud, covin, collusion, or guile." Proof of such intent, however, is rarely based upon direct evidence. As in fraudulent conveyance cases, courts typically rely upon circumstantial evidence to establish a debtor's intent to delay, hinder or defraud creditors. Courts have identified the following circumstances as probative of a scheme to hinder, delay or defraud creditors: (1) the strategic filing of a bankruptcy petition to prevent collection, (2) multiple petitions by multiple parties to protect common property, (3) lack of evidence of changed circumstances between bankruptcy filings, and (4) inability to fund a plan." *In re Hymes*, 2013 Bankr. LEXIS 664, 19-20 (Bankr. D. Alaska 2013) (citations omitted).Here, the evidence presented and the circumstances surrounding this bankruptcy indicate a clear scheme to delay and hinder Lender and the pending foreclosure.

The Debtor and his co-conspirators filed the frivolous Cherry Avenue State Court Actions filed by Yolanda Jin, the Yolanda Jin Bankruptcies, and now this bankruptcy. All of this was done with improper purpose of stalling foreclosure without any legitimate reason. In addition, the Debtor has allowed the Cherry Street Property to be red tagged and become uninhabitable. If the Court does not put an end to this charade, there will most certainly be more bankruptcies and state court actions.

**4.   Any Co-Debtor Stay of 11 U.S.C. § 1301 Should be Lifted**

To the extent applicable, Lender moves this Court for relief from the co-debtor stay contained in U.S.C. §1301 and will request that any Order allowing relief from stay against Debtor, or conditioning continuance of the automatic stay against Debtor, be deemed applicable to the co-debtor and the co-debtor stay. (See In re Jimmy Leonard, 307 B.R. 611 (E.D.TN 2004) and In re: Pardue, 143 B.R. 434 (E.D. TX 1992)).According to the Court in In re: Jacobsen, 20 B.R. 648 (B.A.P. 9th Cir. 1982), a Debtor should not be entitled to confirm a Chapter 13 plan, without consenting to relief from the co-debtor stay, so that the Creditor can proceed with

15

collecting the deficiency on the loan from the co-debtor, who has not filed for protection under the Bankruptcy Code, where the debt is not provided in the Plan.

Here, the borrower is a Trust. The Debtor has filed this bankruptcy and Yolanda Jin has filed the Cherry Street State Court Actions and the Yolanda Jin Bankruptcies Bankruptcy in attempts to stall foreclosure. The Borrower and the Debtor may have an interest in the Property and Yolanda Jin may as well. To the extent it is determined that they do, Movant's interest would be irreparably harmed by continuation of the stay in accordance with the declaration and evidence submitted herewith. There no value for the estate. Providing the borrower or any third party with the benefit of another stay would be inequitable.

### 5. Bankruptcy Rule 4001(a)(3) Should Be Waived

There is cause to waive any waiting period that may be imposed by Bankruptcy Rule 4001(a)(3) or California Civil Code § 2924g(d) (to the extent it applies). There is no reason to allow for an additional waiting period after entry of a relief order. The fraudulent scheme was merely to delay and defraud Movant and stall a valid foreclosure sale. If additional time is allowed prior to the sale, the likely result will be merely a new bankruptcy filing and/or an unauthorized transfer of an interest or beneficial interest in the 3rd Street Property. It would not be equitable to allow this type of behavior to continue at the expense of Movant.

### III. CONCLUSION

For the reasons stated herein, the Court should grant relief from stay in accordance with 11 U.S.C. § 362(d)(1), 11 U.S.C. § 362(d)(2), and 11 U.S.C. § 362(d)(4) immediately with a waiver of any waiting period and should make any order binding in order to avoid further delay.

SCHEER LAW GROUP, LLP

DATED: February 1, 2023  /s/REILLY D. WILKINSON
#250086