| | |
|---|---|
| 1 | JOSHUA L. SCHEER #242722 |
| | REILLY D. WILKINSON #250086 |
| 2 | SCHEER LAW GROUP, LLP |
| | 155 N. REDWOOD DRIVE, SUITE 100 |
| 3 | SAN RAFAEL, CA  94903 |
| | Telephone:  (415) 491-8900 |
| 4 | Facsimile:  (415) 491-8910 |
| | DS.200-008S-B |
| 5 | |
| 6 | Attorneys for Movant |
| | Douglas G. Sykes, his successors and/or assignees |
| 7 | |

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re: | Bk. No. 23-50023-MEH |
|---|---|
| Y. ROGER YU, | Chapter 13 |
| Debtor. | MOTION FOR RELIEF FROM AUTOMATIC STAY |
| | Hearing- |
| | Date:  February 16, 2023 |
| | Time: 2:30 pm |
| | Place: United States Bankruptcy Court |
| | 280 South First Street |
| | Courtroom 11 |
| | San Jose, CA 95113-3099 |
| | **VIA VIDEO OR TELECONFERENCE** |

DOUGLAS G. SYKES, its assignees and/or successors ("**Movant**"), moves the Court for relief from the Automatic Stay provided by 11 U.S.C. Section 362.  This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. Section 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may take all steps necessary under State or Federal law to commence or complete its foreclosure under the Deed of Trust and thereafter take possession of the subject property located at 36500 Alder Court, Fremont, CA 94536 ("**Alder Court Property**") which is legally described in the Deed of Trust attached to the Declaration of Douglas G. Sykes ("**Movant's Declaration**") as Exhibit "B".

In addition, and if applicable, Lender will seek an order waiving the requirements of Federal Rule of Bankruptcy Procedure 4001(a)(3), and California Civil Code § 2924g(d), so that any foreclosure sale may be held without the applicable waiting period specified therein.

This Motion shall be based on these moving papers, the Relief from Stay Information Sheet, Movant's Declaration, the Memorandum of Points and Authorities, and the pleadings and records on file with the Court.

In addition, Movant shall seek an order pursuant to 11 U.S.C. § 362(d)(4) so that any order for relief will be binding in any other case under this title purporting to affect the subject property filed within two (2) years of the order for relief.

This motion is brought pursuant to 11 U.S.C. Section 362(d)(1) for "cause" and due to the following:

1. The failure of Debtor to make required payments as set forth in the attached Movant's Declaration. Debtor failure to make required payments provides "cause" for relief from the Automatic Stay in accordance with the ruling of the Bankruptcy Appellate Panel in In re Proudfoot, 144 B.R. 876 (9th Cir. BAP 1992).

2. The failure of Debtor to submit required payments to the senior lienholder Mortgage Electronic Registration Systems, Inc., solely as nominee for HSBC Bank USA, N.A., which also holds a trust deed lien on the subject real property.

3. Movant seeks, relief from the Automatic Stay pursuant to 11 U.S.C. Section 362(d)(1) for "cause", as well as pursuant to 11 U.S.C. Section 109(g). The Debtor and his associates filed several frivolous State Court lawsuits, seeking to stall foreclosure of the Alder Court Property, as well as three other properties. When that failed, the Debtor and his associates filed a total of seven (7) bankruptcy filings to stall the sales. [See Movant's Declaration, paragraphs 9 through 18, Exhibits "C" through "W", respectively.] Movant requests that this Court take judicial notice of the prior bankruptcy filing pursuant to Federal Rule of Evidence Section 201.

4. Movant's loan is all due and payable as it fully matured on December 1, 2022.

In addition, Movant seeks an Order prohibiting Debtor from refilling under any other Chapter of the Bankruptcy Code for a 180-day period after the dismissal of these proceedings, and further that if there is a refilling within the 180-day period from the dismissal of these proceedings, that any such Bankruptcy filing not be deemed to stay or prohibit Movant from proceeding pursuant to this Order.

In addition, Movant seeks relief pursuant to 11 U.S.C. Section 362(d)(2) and alleges that in accordance with the information set forth in Movant's Declaration and due to the Debtor's failure to make required payments, that Debtor does not have any realistic hope for a reorganization, and that there is insufficient equity present in the Alder Court Property to justify the continuance of the Automatic Stay. The value of the Property is $925,000.00 and there are liens on the Property totaling approximately $1,068,664.09.

In addition, and in the event that the Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. Sections 361 and 362, including a requirement that Debtor reinstate all past arrearages and immediately commence regular monthly payments.

To the extent applicable, Movant will move this Court for relief from the co-debtor stay contained in U.S.C. §1301 and will request that any Order allowing relief from stay against Debtor, or conditioning continuance of the automatic stay against Debtor, be deemed applicable to the co-debtor and the co-debtor stay. (See In re Jimmy Leonard, 307 B.R. 611 (E.D.TN 2004) and In re: Pardue, 143 B.R. 434 (E.D. TX 1992)). Furthermore, according to the Court in In re: Jacobsen, 20 B.R. 648 (B.A.P. 9th Cir. 1982), a Debtor should not be entitled to confirm a Chapter 13 plan, without consenting to relief from the co-debtor stay, so that the Creditor can proceed with collecting the deficiency on the loan from the co-debtor, who has not filed for protection under the Bankruptcy Code, where the debt is not provided in the Plan. . Here, the borrower is a Trust. The Debtor has filed this bankruptcy and Brian Yu filed the Alder Court State Court Action and the Brian Yu bankruptcy to forestall the foreclosure. [See Movant's Declaration, paragraph 9, Exhibit through Exhibit "H" through Exhibit "G", respectively.] The Borrower and Debtor may have an interest in the Alder Court Property and

3

Brian Yu may as well. To the extent it is determined that they do, Movant's interest would be irreparably harmed by continuation of the stay in accordance with the declaration and evidence submitted herewith. There no value for the estate. Providing the borrower or any third party with the benefit of another stay would be inequitable.

Furthermore, Movant will also seek attorneys' fees and costs incurred in bringing the Motion. Movant requests such fees pursuant to the Note and Deed of Trust securing Movant's claim or pursuant to 11 U.S.C. Section 506(b). Post petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note pursuant to <u>Travelers Casualty v. Pacific Gas and Electric Co.</u>, 549 U.S. 443 (2007).

In addition, Movant requests such further relief as is just.

In the event neither the Debtor nor Debtor's counsel or any interested party appears at a hearing on this Motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Alder Court Property which is legally described in the Deed of Trust attached to the Movant's Declaration as Exhibit "B", under all defaults, including any pre-petition defaults, and thereafter obtain possession of such Property without further hearing, or may enter an order conditioning the continuance of automatic stay.

WHEREFORE, Movant prays for judgment as follows:

1. For an order granting relief from the Automatic Stay, permitting Movant to take all steps necessary under State or Federal law to commence or complete its foreclosure under the Deed of Trust and thereafter take possession of the Alder Court Property
2. For an order allowing Movant to seek and collect any damages ordered by any Court for the wrongful retention of the Alder Court Property after foreclosure of the subject property.
3. For an order permitting Movant to offer and provide Debtor with information regarding potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor.
4. That any other stays applicable to this Property via the Co-Debtor Stay of 11. U.S.C.

Case: 23-50023    Doc# 22    Filed: 02/02/23    Entered: 02/02/23 08:53:37    Page 4 of 5

4

| | |
|---|---|
| 1 | 1301 or Bankruptcy Rule 4001(a)(3), be vacated or waived; |
| 2 | 5. For an order regarding adequate protection of Movant's interest as this Court deems |
| 3 | proper. |
| 4 | 6. For attorneys' fees and costs for suit incurred herein. |
| 5 | 7. For an order waiving the 14-day stay described in Bankruptcy Rule 4001(a)(3). |
| 6 | 8. For such relief as this Court deems appropriate. |
| 7 | 9. For an order granting relief under 11 U.S.C. § 362(d)(4): If recorded in compliance |
| 8 | with applicable state laws governing notices of interests or liens in real property, the |
| 9 | order is binding in any other case under this title purporting to affect the Alder Court |
| 10 | Property filed not later than 2 years after the date of the entry of the order by the |
| 11 | court, except that a debtor in a subsequent case under this title may move for relief |
| 12 | from the order based upon changed circumstances or for good cause shown, after |
| 13 | notice and hearing. |

SCHEER LAW GROUP, LLP

DATED: February 1, 2023        /s/ Reilly D. Wilkinson
                                                Reilly D. Wilkinson