JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
SCHEER LAW GROUP, LLP
155 N. REDWOOD DRIVE, SUITE 100
SAN RAFAEL, CA  94903
Telephone:  (415) 491-8900
Facsimile:  (415) 491-8910
DS.200-008S-B

Attorneys for Movant
Douglas G. Sykes, his successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Bk. No. 23-50023-MEH |
| Y. ROGER YU, | Chapter 13 |
| Debtor. | DECLARATION OF DOUGLAS G. SYKES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY |
| | Hearing-Date:  February 16, 2023<br>Time:  2:30 pm<br>Place: United States Bankruptcy Court<br>280 South First Street<br>Courtroom 11<br>San Jose, CA 95113-3099<br>**VIA VIDEO OR TELECONFERENCE** |

I, DOUGLAS G. SYKES, declare and state:

1. As to the following facts, I know them to be true of my own personal knowledge and if called upon to testify in this action, I could and would testify competently to the following facts personally known to me to be true.

I am DOUGLAS G. SYKES.  I am the custodian of the books, records and files for this loan to Borrower concerning the property located at **36500 Alder Court, Fremont, CA 94536** ("**Alder Court Property**").  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my knowledge.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the

ordinary course of my business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required. As to any statements regarding equity or lack of equity contained within this Declaration, which are made upon information and belief, these statements are made after examination of the loan file and after consideration of the following factors:

1) the loan to value ratio;
2) existence of a senior lien;
3) amount of arrearages; and
4) original appraisals done at inception of loan.
5) the Debtor's schedules

2. Y. Roger Yu ("**Debtor**") is an individual and the Chapter 13 Debtor herein.

3. Yintao Yu, Trustee of the 36500 Alder Court Trust, Dated July 28, 2017 ("**Borrower**") is the borrower on the Alder Court Property as specified in the Note and Deed of Trust which is the subject of this Motion for Relief from the Automatic Stay. The Borrower's aka is Y. Roger Yu. The Debtor as a trustee of certain trusts, is also the borrower on three other properties which are discussed below and are the subject of three other motions pending now, or soon to be pending before this Court.

4. Devin Derham-Burk has been appointed as the Chapter 13 Trustee in the instant bankruptcy. By virtue of her position as Chapter 13 Trustee, she may hold title to the subject property in that capacity. To the extent relief sought herein is granted, Devin Derham-Burk should be bound by any such judgment.

5. On January 11, 2023, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code. In his bankruptcy Petition, the Debtor declares that he resides at 115 College Ave, Mountain View, CA.

6. I am the current payee of a Promissory Note dated November 11, 2020 in

the principal amount of $307,000.00 (the "**Alder Court Note**") secured by a Second Deed of Trust of same date, which bears interest as specified therein. I hold the original Note and a copy is attached hereto as Exhibit "A" and is incorporated herein by reference.

7. The indebtedness evidenced by the Note is secured by a Second Deed of Trust (the "**Alder Court Deed of Trust**") executed and recorded in Alameda County and which encumbers the Property. A copy of the Deed of Trust is attached hereto as Exhibit "B" and incorporated herein by reference.

8. I am the current holder of the Note and maintain all beneficial interest relating to the subject loan.

9. The Debtor and his associates filed several frivolous State Court lawsuits, seeking to stall foreclosure of the Alder Court Property, as well as three other properties. When that failed, the Debtor and his associates filed a total of seven (7) bankruptcy filings to stall the sales. A summary of the bankruptcy filings and the lawsuits is as follows:

**State Court Lawsuit, Alameda Superior Court, Case No. 22CV019561 ("Alder Court State Court Action") Alder Court Property**

On October 14, 2022, four (4) days prior to the foreclosure sale of the Alder Court Property, Brian Yu ("**Brian Yu**") filed a Complaint and Ex Parte Application for Temporary Restraining Order ("**Alder Court Complaint and Alder Court App for TRO**"), allegedly affecting the Alder Court Property, which was filed in the Alameda Superior Court, Case No. 22CV019561 ("**Alder Court State Court Action**"). On October 17, 2022, the Court set an Order to Show Cause for Preliminary Injunction ("**Alder Court OSC**") for November 10, 2022. I opposed the Alder Court OSC and after hearing, on December 22, 2022, the Court issued an Order Denying the Preliminary Injunction ("**Alder Court Order Denying PI**"). A true and correct copy of the Alder Court Order Denying PI is attached hereto as Exhibit "C" and incorporated herein by reference.

**Brian Yu Bankruptcy, (Debtor: Brian Yu, Case No. 22-41315-WJL) Alder Court Property**

On December 29, 2022, just one week after the Court in the Alder Court State Court Action issued the Alder Court Order Denying PI, Brian Yu filed bankruptcy under Chapter

13 of the Bankruptcy Code, in the Northern District of California, case number 22-41315-DM ("**Brian Yu Bankruptcy**"). A true and correct copy of the Brian Yu Bankruptcy Petition is attached hereto as Exhibit "D" and incorporated herein by reference. Brian Yu failed to list his Social Security Number on the Petition. Additionally, Brian Yu filed an incomplete Petition. Therefore, on December 29, 2022, the Court issued an Order to File Required Documents and Notice of Automatic Dismissal. A true and correct copy of the Order to File Required Documents and Notice of Automatic Dismissal is attached hereto as Exhibit "E" and incorporated herein by reference. On January 12, 2023, Brian Yu filed an Ex Parte Motion to Extend Time to File Case Opening Documents ("**Brian Yu's Motion to Extend Time To File Documents**"). On January 13, 2023, the Court granted Brian Yu's Motion to Extend Time To File Documents. A true and correct copy of the Order Granting Brian Yu's Motion to Extend Time To File Documents is attached hereto as Exhibit "F" and incorporated herein by reference. The Brian Yu Bankruptcy is still pending at this time.

**First Y. Roger Yu Bankruptcy (Debtor: Y. Roger Yu, Case No. 23-50023-MEH) Alder Court Property**

On January 11, 2023, Debtor filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 23-50023-MEH ("**First Y. Roger Yu Bankruptcy**"). A true and correct copy of the First Y. Roger Yu Bankruptcy Petition is attached hereto as Exhibit "G" and incorporated herein by reference. The Debtor has filed an incomplete Petition and the Court issued an order to file required documents and notice of automatic dismissal on January 11, 2023.

10. My Loan matured and became all due on payable on December 1, 2022. The amount of my claim, as of January 9, 2023, was $348,664.09

| | |
|---|---:|
| Unpaid Principal Balance: | $307,000.00 |
| Pre-Petition Arrearages: | |
| Interest | $19,569.60 |
| Maturity Interest | $4,489.68 |
| Accrued Late Charges | $3,914.10 |

| | | |
|---|---|---|
| Foreclosure Fees | | $5,429.83 |
| State Court Filing Fees | | $435.00 |
| Attorneys' Fees | | $5,687.98 |
| Subtotal | | $40,426.09 |
| Post-Petition Delinquencies: | | |
| Attorneys' Fees | | $1,238.00 |
| Subtotal Post-Petition Delinquencies | | $1,238.00 |
| TOTAL PRE-PETITION AND POST-PETITION DUE | | $41,664.09 |
| GRAND TOTAL | | $348,664.09 |

**MY LOAN FULLY MATURED ON DECEMBER 1, 2022.**

11. The total amount now owed to me on this loan is $348,664.09 as of January 9, 2023.

12. Interest continues to accrue as set forth in the Note.

13. I have performed each and every act required by the terms of the Deed of Trust.

14. I am requesting authority to commence or complete foreclosure proceedings relative to the Alder Court Property, but am prevented from doing so by the filing of Debtor's petition which operates as an Automatic Stay prohibiting me from taking any action or commencing any Court proceeding to enforce a lien upon the Alder Court Property. Due to the Borrower's default on the loan my Notice of Default was recorded on June 9, 2022. The Original Sale date was scheduled for October 18, 2022. Due to the Bankruptcy filing the foreclosure sale has been postponed to January 31, 2023.

15. Debtor, as Trustee of certain Trusts, is not only the borrower on the Alder Court Property, but he is the borrower on three (3) additional properties relating to loans I made. The other three properties are **1047 Cherry Street, San Carlos, CA 94070** ("**Cherry Street Property**"), **37591 3rd Street, Fremont, CA** ("**3rd Street Property**"), and **115 College Avenue, Mountain View, CA 94040** ("**College Avenue Property**"). The Debtor and his associates are involved in a part of a scheme to delay, hinder, or defraud me.

**State Court Lawsuit, Santa Clara Superior Court, Case No. 22CV404291 ("First College Avenue State Court Action") College Avenue Property**

I am also the current payee of a Promissory Note dated November 16, 2020 in the principal amount of $285,000.00 (the "**College Avenue Note**") secured by a Second Deed of Trust secured by the College Avenue Property. On October 10, 2022, two days prior to the scheduled foreclosure sale of the College Avenue Property, Ben Yu ("**Ben Yu**") filed an Ex Parte Application for Temporary Restraining Order ("**First College Avenue App for TRO**"), allegedly affecting the College Avenue Property, which was filed in the First College Avenue State Court Action. Despite filing a proof of service declaring that I was served with the First College Avenue App for TRO, I was never served as I was out of town at the time. As a result, the Court issued a temporary restraining order and set a hearing on an order to show cause as to why an injunction should not be issued ("**College Avenue OSC**"). I opposed the College Avenue OSC and, on October 24, 2022, the Court issued an Order Denying TRO and OSC ("**First College Avenue Order Denying OSC**"). A true and correct copy of the Order Denying OSC is attached hereto as Exhibit "H" and incorporated herein by reference.

**First Ben Yu Bankruptcy (Debtor: Ben Yu, Case No. 22-50976-SLJ) College Avenue Property**

On October 26, 2022, two days after the Court in the First College Avenue State Court Action issued the First College Avenue Order Denying OSC, Ben Yu filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-50976-SLJ ("**First Ben Yu Bankruptcy**"). A true and correct copy of the Petition is attached hereto as Exhibit "I" and incorporated herein by reference. In his Bankruptcy Petition, Ben Yu failed to list the last four digits of his Social Security Number. Ben Yu failed to file the missing documents, and as a result, the Court issued an Order and Notice of Dismissal on November 10, 2022. A true and correct copy of the Order and Notice of Dismissal is attached hereto as Exhibit "J" and incorporated herein by reference.

///

///

**Second Ben Yu Bankruptcy (Debtor: Ben Yu, Case No. 22-51110-MEH) College Avenue Property**

On December 9, 2022, less than 30 days after the First Ben Yu bankruptcy was dismissed and three before the continued foreclosure sale, Ben Yu filed another bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-51110-MEH ("**Second Ben Yu Bankruptcy**"). A true and correct copy of the Second Ben Yu Bankruptcy Petition is attached hereto as Exhibit "K" and incorporated herein by reference. Once again, Ben Yu filed an incomplete Petition and the Court issued an order to file required documents and notice of automatic dismissal on December 9, 2022. Additionally, in his Second Ben Yu Bankruptcy Petition, Ben Yu again failed to list the last four digits of his Social Security Number. On January 4, 2023, Ben Yu filed an Ex Parte Motion to Extend the Automatic Stay ("**First Ben Yu Motion to Extend**"). Ben Yu's First Motion to Extend was identical to the Motion to Extend filed by his associate, Yolanda Jin, in Bankruptcy Case No. 22-30660-DM (discussed below). On January 5, 2023, due to procedural deficiencies, the Court denied the First Ben Yu Motion to Extend. On January 6, 2023, Ben Yu filed an Ex Parte Motion to Set Hearing for Extension of the Automatic Stay ("**Ben Yu's Second Motion to Extend**"). On January 11, 2023, after hearing, the Court issued an Order Denying Ben Yu's Second Motion to Extend the Automatic Stay. A true and correct copy of the Order Denying Motion to Extend the Automatic Stay is attached hereto as Exhibit "L" and incorporated herein by reference.

**State Court Lawsuit, Santa Clara Superior Court, Case No. 23CV409727 ("Second College Avenue State Court Action") College Avenue Property**

On January 10, 2023, before the hearing on Ben Yu's Second Motion to Extend and the day before the continued scheduled foreclosure sale of the College Avenue Property, the Debtor, in the Second College Avenue State Court Action, filed an Ex Parte Application for Temporary Restraining Order ("**Second College Avenue App for TRO**") affecting the College Avenue Property. I was not served with the Second College Avenue App for TRO. At the hearing, on January 10, 2023, which I was not aware of at the time, the Court denied the Second College Avenue App for TRO due to Debtor's failure to provide a proof of service and because

there was no showing of a likelihood of success on the merits. ("**Second College Avenue Order Denying TRO**"). A true and correct copy of the Second College Avenue Order Denying TRO is attached hereto as Exhibit "M" and incorporated herein by reference. The foreclosure sale on the College Avenue Property is currently scheduled for January 25, 2023.

**State Court Lawsuit, San Mateo Superior Court, Case No. 22CIV04149 ("First Cherry Street State Court Action") Cherry Street Property**

I am also the current payee of a Promissory Note dated November 11, 2020 in the principal amount of $308,000.00 (the "**Cherry Street Note**") secured by a Second Deed of Trust secured by the real property located at 1047 Cherry Street, San Carlos, CA 94070 ("**Cherry Street Property**"). Debtor, as Trustee of the 1047 Cherry Street Trust, Dated July 28, 2017, is the borrower on the Cherry Street Property. After default on the Cherry Street Note, I proceeded with foreclosure on the Cherry Street Property. On October 10, 2022, two days prior to the foreclosure sale, Yolanda Jin (**"Jin"**) filed a Petition for Temporary Restraining Order ("**First Cherry Street Petition for TRO**") which was filed in the San Mateo Superior Court, Case No. 22CIV04149 ("**First Cherry Street State Court Action**"). Also on October 10, 2022, Jin filed an Ex Parte Application for Temporary Restraining Order ("**First Cherry Street App for TRO**"). Again, despite filing a proof of service declaring that I was served with the First Cherry Street App for TRO, I was never served as I was out of town at the time. As a result, the Court granted the First Cherry Street App for TRO and set an Order to Show Cause Hearing ("**First Cherry Street OSC**") for October 27, 2022. I opposed the First Cherry Street OSC and, on November 8, 2022, the Court issued the Order Denying Preliminary Injunction ("**First Cherry Street Order Denying PI**"). A true and correct copy of the Order Denying Preliminary Injunction is attached hereto as Exhibit "N" and incorporated herein by reference.

**First Jin Bankruptcy (Debtor: Yolanda Jin, Case No. 22-30626-DM) Cherry Street Property**

On November 15, 2022, a week after the Court in the Cherry Street State Court Action issued the First Cherry Street Order Denying PI, Jin filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-30626-DM ("**First**

**Jin Bankruptcy**"). A true and correct copy of the First Jin Bankruptcy Petition is attached hereto as Exhibit "O" and incorporated herein by reference. Jin in her Bankruptcy Petition, filed in the First Jin Bankruptcy, failed to list her Social Security Number. The First Jin Bankruptcy was dismissed on December 2, 2022 due to her failure to file required documents. A true and correct copy of the Order and Notice of Dismissal is attached hereto as Exhibit "P" and incorporated herein by reference.

**Second Jin Bankruptcy (Debtor: Yolanda Jin, Case No. 22-30660-DM) Cherry Street Property**

On December 2, 2022, Jin filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-30660-DM ("**Second Jin Bankruptcy**"). Jin failed to list her Social Security Number. Instead she stated in the Petition that she has applied for a ITIN ("**Tax Payer Identification Number**") and that it is still pending. A true and correct copy of Jin's Second Bankruptcy Petition is attached hereto as Exhibit "Q" and incorporated herein by reference. On December 29, 2022, Jin filed an Ex Parte Motion to Extend Automatic Stay ("**Jin Motion to Extend**"). The Jin Motion to Extend was identical to the First Ben Yu Motion to Extend and the Second Ben Yu Motion to Extend (discussed above). On January 3, 2023, the Court denied the Jin Motion to Extend. On January 5, 2023, due to Jin's failure to file missing documents, the Court issued an Order and Notice of Dismissal for Failure to Comply. A true and correct copy of the Order and Notice of Dismissal is attached hereto as Exhibit "R" and incorporated herein by reference.

**State Court Lawsuit, San Mateo Superior Court, Case No. 23CIV00088 ("Second Cherry Street State Court Action") Cherry Street Property**

On January 10, 2023, two days prior to my scheduled Foreclosure sale, and days after the Jin Motion to Extend was denied, Debtor filed an Ex Parte Application for Temporary Restraining Order ("**Second Cherry Street App for TRO**"). On January 9, 2023, the Court issued the TRO ("**Second Cherry Street TRO**") and set an Order to Show Cause Hearing **("Second Cherry Street "OSC"**) for February 17, 2023. I was not served with the Second Cherry Street App for TRO and therefore had no way to oppose. The Second Cherry Street State

Court Action is still pending. A true and correct copy of the Second Cherry Street TRO is attached hereto as Exhibit "S" and incorporated herein by reference. The foreclosure sale on the Cherry Street Property is currently scheduled for February 22, 2023.

**State Court Lawsuit, Alameda Superior Court, Case No. 22CV019563 ("3rd Street State Court Action") 3rd Street Property**

I am also the current payee of a Promissory Note dated November 17, 2020, in the principal amount of $210,000.00 (the "**3rd Street Note**") secured by a Second Deed of Trust secured by the 3rd Street Property. On October 14, 2022, four (4) days prior to the foreclosure sale, Harry Yu ("**Harry Yu**") filed a Complaint and Ex Parte Application for Temporary Restraining Order Without Hearing ("**3rd Street App for TRO**"), allegedly affecting the 3rd Street Property, which was filed in the Alameda Superior Court, Case No. 22CV019563 ("**3rd Street State Court Action**"). Also on October 14, 2022, Harry Yu filed a Motion for Preliminary Injunction ("**3rd Street MTN FOR PI**"). On October 14, 2022, the Court granted the 3rd Street App for TRO, issued a temporary restraining order ("**3rd Street TRO**"), and scheduled a Hearing on the 3rd Street MTN FOR PI for October 26, 2022. Harry Yu claimed that he served me with the 3rd Street MTN FOR PI. However, I was not served as I was out of town at the time. I opposed the 3rd Street MTN FOR PI and, on December 22, 2022, the Court issued an Order Denying the 3rd Street MTN FOR PI ("**3rd Street Order Denying PI**"). A true and correct copy of the Order Denying 3rd Street MTN FOR PI is attached hereto as Exhibit "T" and incorporated herein by reference.

**Harry Yu Bankruptcy, (Debtor: Harry Yu, Case No. 22-41324-WJL) 3RD Street Property**

On December 30, 2022, just one week after the Court in the 3rd Street State Court Action issued the Order Denying 3rd Street MTN FOR PI, Harry Yu ("**Harry Yu**") filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-41324-WJL ("**Harry Yu Bankruptcy**"). A true and correct copy of Harry Yu's Bankruptcy Petition is attached hereto Exhibit "U" and incorporated herein by reference. Harry Yu failed to list his Social Security Number on the Petition. Additionally, Harry Yu filed an incomplete Petition. Therefore, on December 30, 2022, the Court issued an Order to File

Required Documents and Notice of Automatic Dismissal.  A true and correct copy of the Order to File Required Documents and Notice of Automatic Dismissal is attached hereto as Exhibit "V" and incorporated herein by reference.  The foreclosure sale on the 3rd Street Property is currently scheduled for January 31, 2023.

16. My records reflect that there is currently a First trust deed on the Alder Court Property in favor of Mortgage Electronic Registration Systems, Inc., solely as nominee for HSBC Bank USA, N.A., its successors and assigns (**"Sr. Lienholder"**).  I have been informed that the estimated amount due to the Sr. Lienholder is approximately $720.000.

17. On August 30, 2022, prior to the Debtor commencing his fraudulent scheme, I received an email from Mark J. Markus ("**Attorney Markus**").  In his email, Attorney Markus informed me of the following:

- Each of the Properties owned by the Debtor "have been declared uninhabitable by City inspectors…."
- "[T]he cost to bring the properties into compliance and make them habitable would exceed the equity there may be in any of the properties"
- "None of the properties has [sic] tenants and are not, therefore receiving rental income."
- "[A]ll four properties have been declared uninhabitable and were abandoned long ago and nobody can live in any of the four properties."

A true and correct copy of Attorney Markus' email to me is attached hereto as Exhibit "W" and incorporated herein by reference.

18. I have been active in the real estate market since 1979 and believe the Alder Court Property value is approximately $925,000.00. This is based on the neglected condition of the Alder Court Property, which has been red tagged.  In the event this matter is continued for a final hearing, I will obtain an appraisal to get an updated valuation of the Property.

19. To date the Debtor has not filed his Plan and/or Schedules.

20. The Note and Deed of Trust provide that I shall be entitled to recover from the Debtor and that the real property shall secure the payments of all attorney's fees

and costs incurred by me to collect upon the real property. By virtue of the Borrower's default, I have necessarily incurred such fees and costs and will continue to incur such fees and costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on Jan. 27, 2023, at Berkeley (city, state).

DATED: Jan. 27, 2023

_____
[DECLARANT]