Arasto Farsad, Esq. (SBN 273118)
Nancy Weng, Esq. (SBN 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda, Suite 525
San Jose, CA 95126
Tel: (408) 641–9966
Fax: (408) 866–7334
Email Addresses: farsadlaw1@gmail.com
nancy@farsadlaw.com

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Y. ROGER YU,<br><br>    Debtor. | Case No. 23-50023 MEH<br>Chapter 7<br><br>**DECLARATION OF ROGER YU IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY**<br><br>Date: February 16, 2023<br>Time: 2:30 p.m.<br>Place: Either in person at 280 S. 1st St., Courtroom 11, San Jose, CA 95113 OR by Tele / Video Conference<br><br>**Judge: Honorable M. Elaine Hammond** |

I, Roger Yu, am the Debtor in the instant case. I have personal knowledge of the information contained herein and, if called upon to testify, could and would do so competently. I hereby declare as follows:

1. I was heavily invested in Crypto currency during its rise in 2020. I took out second mortgages and further leveraged my bets with large loans from other investors in order to buy / trade Crypto. My profits were up significantly and it all seemed to be going very well. However, by the first half of 2022, the crypto market crashed and I lost everything. As a result, I am now clinically depressed. I am still working but am suffering from serious depression and panic attacks due to the stress.

DECLARATION OF ROGER YU IN SUPPORT OF OPPOSITION TO MOTION FOR RELIEF FROM STAY

Case No. 23-50023 MEH

Case: 23-50023    Doc# 42    Filed: 02/15/23    Entered: 02/15/23 13:18:35    Page 1 of 5

2. I took out four hard money loans as second mortgages on four different properties with the Movant, Douglas Sykes. Douglas Sykes is an aggressive, hard moneylender. Douglas Sykes moved to foreclose upon one property, 115 College Avenue, Mountain View, CA 94040 ("residence") as the secondary lienholder. This is my home.

3. As for Douglas Sykes' note on the Property, I made timely payments from its inception in December 2020 to March 2022. Douglas Sykes claims in his Motion for Relief that no payments were ever made. This is a lie.

4. The note matured on December 1, 2022, and Douglas Sykes started foreclosure proceedings by recording an official notice of default ("NOD") in June of 2022. A foreclosure sale was then initially set in October, 2022.

5. Since that time, I have been desperately trying to find solutions to stop the foreclosure having never been in this precarious financial situation before. This is my first bankruptcy case. This case was initially filed in Pro Per on January 11, 2023 and the instant counsel substituted into the case on January 24, 2023.

6. I am the 50% owner of Property. The other 50% of the Property is owned by Ben Yu, my relative who also lives with me at the Property.

7. As stated above, I am the borrower on the three other properties in default with Douglas Sykes but not on the titles. Those properties are: 1047 Cherry St., San Carlos, CA 94070 ("Cherry"); 36500 Alder Ct., Fremont, CA 94536 ("Alder"); and 37591 3rd St., Fremont, CA 94536 ("3rd St.").[1]

8. **In 2017**, I had transferred title to these properties to separate trusts whereby I am not the settlor or the beneficiary of the trusts.

9. Douglas Sykes holds a second deed of trust on the Property.

---

1. All of these properties are being dealt with in their own Chapter 13 cases. The subject case is only dealing with the Property -- 115 College Avenue in Mountain View.

10. Douglas Sykes also holds a second deed of trust on the Cherry, Alder and 3rd St. properties. All of the loans from Douglas Sykes were taken out around the same time and all of the money resulting from those loans was lost in the same manner.

11. As to my residence, the current liens and arrears are as follows:

    a. Shellpoint - Mortgage Principal owed: $464,161.00 with $58,621.97 in arrears;

    b. Douglas Sykes - $285,000 principal borrowed at 8.5% interest (exact amount owed is in dispute).

12. I made timely, monthly payments of $2,018.75 to Douglas Sykes as called for under his note every month from December 2021 to March 2022.

13. However, Douglas Sykes is attempting to foreclose for the wrong amount owed, as stated in my Opposition.

14. As stated above, I went into a deep depression after losing all of my own and my investors' monies. This money included the Movant's loans. When my residence was hit with the Notice of Trustee's Sale ("NTS") in October of 2022, Ben Yu, my relative, who lived (and still lives with me at the Property), proceeded to file a lawsuit to stop the foreclosure / attempted foreclosure of the Property because I did not have the mental capacity to deal with it at the time. Ben Yu was 50% owner and so he had standing to do so.

15. This case is identified as Santa Clara Superior Court Case number 22CV404291 and is titled Ben Yu v. Entra Default Solutions, LLC. (Entra being the foreclosure trustee.) It was filed on October 10, 2022. Ben Yu (in pro per)'s complaint and TRO application was so deficient, it was denied based on lack of proof of service and not enough allegations to succeed on the merits. Further, Ben Yu sued the wrong party - foreclosure trustee as the defendant and not Douglas Sykes, the foreclosing party.

16. Ben Yu begged me to take proactive steps and help stop the foreclosure and save our home -- since Ben Yu had very little knowledge of the loan and the events surrounding it.

17. By the time I got involved, Ben Yu had already filed the state court case and two bankruptcies which were both dismissed on procedural grounds (Case Nos. 22-50976 SLJ and 22-51110 MEH).

18. I then and filed my first state court lawsuit on January 10, 2023 under case number 23CV409727, in Santa Clara Superior Court, and of course, in Pro Per. The complaint alleged violations of California Civil Code section 1671 and Unfair Business Practices centered on the charging of a very high default interest rate at 13.5%. This time, the correct defendant, Movant Douglas Sykes was sued. However, once again, without legal counsel, the TRO to stop the foreclosure in this case was denied based on the lack of service and adherence to local Ex Parte rules.

19. I then filed the instant bankruptcy to stay the foreclosure of my home.

20. I need my home for reorganization I can continue living and working under shelter (and in Mountain View / where my business has been and where all of his contacts are) so I can fund a soon to be proposed plan of reorganization. Although the property is red-tagged, dilapidated and on a very small lot, the location is ideal for my business in IT.

21. I continue to work and can fund the plan my counsel has proposed through my income.

Executed on February 15, 2023, at San Jose, California.

*/s/ Roger Yu*
ROGER YU
Debtor herein

13.5%. This time, the correct defendant, Movant Douglas Sykes was sued. However, once again, without legal counsel, the TRO to stop the foreclosure in this case was denied based on the lack of service and adherence to local Ex Parte rules.

19. I then filed the instant bankruptcy to stay the foreclosure of my home.

20. I need my home for reorganization I can continue living and working under shelter (and in Mountain View / where my business has been and where all of his contacts are) so I can fund a soon to be proposed plan of reorganization. Although the property is red-tagged, dilapidated and on a very small lot, the location is ideal for my business in IT.

21. I continue to work and can fund the plan my counsel has proposed through my income.

Executed on February 15, 2023, at Mountain View, California.

*/s/ Roger Yu*
ROGER YU
Debtor in possession