Kristin A. Zilberstein, Esq. (SBN: 200041)
PADGETT LAW GROUP
546 Silicon Dr., Suite 103
Southlake, TX 76092
(850) 422-2520 Office
(850) 422-2567 Fax
Kris.Zilberstein@Padgettlawgroup.com

Attorney for Secured Creditor
MCLP Asset Company, Inc., its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: ) | CASE NO.: 23-50023 |
| ) | |
| Y. Roger Yu aka Yintao Yu ) | CHAPTER 13 |
| ) | |
|     Debtor. ) | **OBJECTION TO CHAPTER 13 PLAN** |
| ) | |
| ) | **341(a) Meeting of Creditors:** |
| ) | Date: 02/27/2023 |
| ) | Time: 9:30 am |
| ) | Place: Tele/Videoconference |
| ) | |
| ) | **Confirmation Hearing:** |
| ) | Date: 03/16/2023 |
| ) | Time: 1:30 pm |
| ) | Ctrm: 11 |
| ) | Place: in/via San Jose Courtroom 11 – Hammond |
| ) | |
| ) | Judge: M. Elaine Hammond |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

MCLP Asset Company, Inc., its successors and/or assignees ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Y. Roger Yu.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on November 1, 2045 and is secured by a Deed of Trust on the subject property commonly known as 36500 Alder Court, Fremont, CA 94536. As of January 11, 2023, the approximate amount in default was $68,347.51, as will be described in a Proof of Claim; Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

**A. IMPERMISSIBLY MODIFIES SECURED CREDITOR'S RIGHTS**

Under 11 U.S.C. §1322(b)(2), a Plan that modifies the rights of a creditor whose claim is secured only by a security interest in real property that is debtor's principal residence is impermissible. The proposed Plan does not set forth a reasonable schedule and time period for the payment of the arrearages owed to Secured Creditor. The payoff period and monthly repayment amount proposed by the Debtor exceed a reasonable arrangement in light of Debtor's past non-payment history. Debtor alleges in the Plan that the arrears owed to Secured Creditor are in the amount of $57,267.00 while in fact the actual arrears owed are in the amount of $68,347.51. To cure the pre-petition arrearages of $68,347.51 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $1,139.13 per month from the Debtor through the Plan. Debtor's Plan provides for payments to the Trustee in the amount of $12,319.00 per month for 60 months. Debtor has not provided sufficient funds to cure the arrears over the term of the Plan within 60 months.

Additionally, Secured Creditor's Loan for property located at 36500 Alder Court, Fremont, CA 94536 is being treated in Chapter 13 Bankruptcy case 22-41315 in the Northern District of California, filed by Brian Yu. Neither Debtor is the borrower. Presumptively, the Debtors are heirs to the borrower as they share a last name. Irrespective of the title issues, the two cases which propose to treat the same claim in their respective plans must be reconciled to ensure that the default is cured without Secured Creditor receiving more than is appropriate to the detriment of the other creditors. Therefore, the Plan is not feasible.

### B. THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT INCOME

Pursuant to Schedules I and J, Debtor has net income of $12,930.00. It appears that Debtor has sufficient net income to increase the plan payment to cure the arrears owed to Secured Creditor. However, Schedule J does not include a line item for income tax. It is unclear whether including a tax expense would cause the Debtor to have insufficient income to increase the plan payment. Thus, the Plan cannot be confirmed as currently drafted.

### CONCLUSION

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied,
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

Dated: February 23, 2023        PADGETT LAW GROUP

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for MCLP Asset Company, Inc., its successors and/or assignees

Kristin A. Zilberstein, Esq. (SBN: 200041)
PADGETT LAW GROUP
546 Silicon Dr., Suite 103
Southlake, TX 76092
(850) 422-2520 Office
(850) 422-2567 Fax
Kris.Zilberstein@Padgettlawgroup.com

Attorney for Secured Creditor
MCLP Asset Company, Inc., its successors and/or assignees

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: ) | CASE NO.: 23-50023 |
| ) | |
| Y. Roger Yu aka Yintao Yu ) | CHAPTER 13 |
|     Debtor. ) | |
| ) | |
| ) | **CERTIFICATE OF SERVICE OF** |
| ) | **OBJECTION TO CHAPTER 13** |
| ) | **PLAN** |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | Honorable M. Elaine Hammond |
| ) | |
| ) | |
| ) | |
| ) | |

**CERTIFICATE OF SERVICE**

On February 23, 2023, I served the foregoing documents described as OBJECTION TO CHAPTER 13 PLAN, on the following individuals by depositing true copies thereof in the United States first class mail at Tallahassee, FL, enclosed in a sealed envelope, with postage page addressed as follows:

| | |
|---|---|
| 1 | COUNSEL FOR DEBTOR |
| 2 | Arasto Farsad |
|   | Farsad Law Office, P.C. |
| 3 | 1625 The Alameda, Suite 525 |
|   | San Jose, CA 95126 |
| 4 | |
| 5 | TRUSTEE |
|   | Devin Derham-Burk |
| 6 | Chapter 13 Trustee |
|   | P.O. Box 50013 |
| 7 | San Jose, CA 95150-0013 |

DEBTOR
Y. Roger Yu
115 College Ave
Mountain View, CA 94040

**I declare under penalty of perjury in the United States of America that the foregoing is true and correct.**

                                                                          /s/ Angelica D. Reyes
                                                                           Angelica D. Reyes