| | |
|---|---|
| 1 | JOSHUA L. SCHEER #242722 |
| | REILLY D. WILKINSON #250086 |
| 2 | SCHEER LAW GROUP, LLP |
| | 155 N. REDWOOD DRIVE, SUITE 100 |
| 3 | SAN RAFAEL, CA 94903 |
| | Telephone: (415) 491-8900 |
| 4 | Facsimile: (415) 491-8910 |
| | DS.200-005S-C |
| 5 | |
| 6 | Attorneys for Creditor |
| | Douglas G. Sykes, his successors and/or assignees |
| 7 | |

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Bk. No. 23-50023-MEH |
| Y. ROGER YU, | Chapter 13 |
| Debtor. | **OPPOSITION TO DEBTOR'S MOTION TO CONVERT CASE UNDER 11 U.S.C. SECTION 706(a) OR 1112(a)** |
| | Hearing- REQUESTED |
| | Date: |
| | Time: |
| | Place: United States Bankruptcy Court |
| | 280 South First Street |
| | Courtroom 11 |
| | San Jose, CA 95113-3099 |

DOUGLAS G. SYKES, his assignees and/or successors ("**Creditor**") hereby files this Opposition to Debtor's Motion to Covert Case under 11 U.S.C. Section 706(a) or 1112(a) ("**Motion to Convert**"). This Opposition is based on the pleadings and records on file in this case, including Creditor's Motions for Relief from Stay, filed with this Court on February 2, 2021 as Docket No. 19, Docket No. 22, Docket No. 27 , and Docket No. 30, respectively (collectively "**MFRS**"). Creditor opposes Debtor's Motion to Convert based on the following:

///

///

///

1

# I. INTRODUCTION

The Debtor is obligated on four (4) loans with Creditor, which are all secured by four (4) separate properties: **115 College Avenue, Mountain View, CA 94040 ("College Avenue Property")**, **1047 Cherry Street, San Carlos, CA 94070 ("Cherry Street Property")**, **36500 Alder Court, Fremont, CA 94536 ("Alder Court Property")**, and **37591 3rd Street, Fremont, CA ("3rd Street Property")** (collectively the "**Properties**"). Creditor filed his MFRS requesting relief pursuant to 11 U.S.C. 362(d)(1), (d)(2) and (d)(4) with the Court and a final hearing is set for March 15, 2023.

After the MFRS were filed, the Debtor filed this Motion to Convert is seeking to convert his case to Chapter 11. In the Motion to Convert, the Debtor claims that the case was filed to stop the foreclosure action of the College Avenue Property, he exceeds the Chapter 13 109(e) limits, and the Debtor has no intention of defrauding his creditors or hindering the bankruptcy process. In reality, the Debtor is perpetrating a fraud on the Creditor and the Court. Debtor and his associates have filed six (6) State Court actions and seven (7) bankruptcy filings in their efforts to hinder, delay and defraud Creditor from proceeding with the foreclosure action on all four of the Properties. This Motion to Convert is yet another attempt by the Debtor to circumvent the bankruptcy rules to obtain the benefit of the stay without any real intent to reorganize and should not be allowed. This case should be dismissed, not converted.

# FACTS

1. Y. Roger Yu ("**Debtor**") filed a petition under Chapter 13 of the Bankruptcy Code, case number 23-50023-MEH on January 11, 2023 ("**Current Bankruptcy**"). The borrower's aka is Y. Roger Yu.

2. Yintao Yu, Trustee of the 115 College Avenue Trust, dated July 28, 2017, is the borrower on the College Avenue Property as specified in the Note and Deed of Trust. [*See* Creditor's Motion for Relief, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] The Debtor is the borrower on the Cherry Street Property as specified in the Note and Deed of Trust. [*See* Creditor's Motion for Relief, Docket No. 19.] The Debtor is the borrower on the Alder Court Property as specified in the Note and Deed of Trust. [*See* Creditor's Motion

for Relief, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 22.] The Debtor is the borrower on the 3rd Street Property as specified in the Note and Deed of Trust. [*See* Creditor's Motion for Relief, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 27.]

3. Creditor is the current payee of a Promissory Note dated November 16, 2020, in the principal amount of $285,000.00 (the "**College Avenue Note**") secured by a Second Deed of Trust of same date, which bears interest as specified therein. The indebtedness evidenced by the Note is secured by a Second Deed of Trust (the "**College Avenue Deed of Trust**") executed and recorded in Santa Clara County and which encumbers the College Avenue Property. [*See* Creditor's Declaration in support of Motion for Relief, Exhibit "A" and Exhibit "B", respectively, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

4. Creditor is the current payee of a Promissory Note dated November 11, 2020 in the principal amount of $308,000.00 (the "**Cherry Street Note**") secured by a Second Deed of Trust of same date, which bears interest as specified therein. The indebtedness evidenced by the Note is secured by a Second Deed of Trust (the "**Cherry Street Deed of Trust**") executed and recorded in San Mateo County and which encumbers the Property. [*See* Creditor's Declaration in support of Motion for Relief, Exhibit "A" and Exhibit "B", respectively, First Y. Roger Yu Bankruptcy, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 19.]

5. Creditor is the current payee of a Promissory Note dated November 11, 2020 in the principal amount of $307,000.00 (the "**Alder Court Note**") secured by a Second Deed of Trust of same date, which bears interest as specified therein. The indebtedness evidenced by the Note is secured by a Second Deed of Trust (the "**Alder Court Deed of Trust**") executed and recorded in Alameda County and which encumbers the Alder Court Property. [*See* Creditor's Declaration in support of Motion for Relief, Exhibit "A" and Exhibit "B", respectively, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 22.]

6. Creditor is the current payee of a Promissory Note dated November 17, 2020, in the principal amount of $210,000.00 (the "**3rd Street Note**") secured by a Second Deed of Trust of same date, which bears interest as specified therein. The indebtedness evidenced by the Note is

secured by a Second Deed of Trust (the "**3rd Street Deed of Trust**") executed and recorded in Alameda County and which encumbers the 3rd Street Property. [*See* Creditor's Declaration in support of Motion for Relief, Exhibit "A" and Exhibit "B", respectively, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 27.]

7. The Debtor has listed the College Avenue Property as his principal residence in his petition. [*See* Debtor's Petition, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 1].

8. The Debtor and his associates filed several frivolous State Court lawsuits, seeking to stall foreclosure of the College Avenue Property, as well as three other properties. When that failed, the Debtor and his associates filed a total of seven (7) bankruptcy filings to stall the sales. A summary of the bankruptcy filings and the lawsuits is as follows:

**State Court Lawsuit, Santa Clara Superior Court, Case No. 22CV404291 ("First College Avenue State Court Action") College Avenue Property**

On October 10, 2022, two days prior to the scheduled foreclosure sale of the College Avenue Property, Ben Yu ("**Ben Yu**") filed an Ex Parte Application for Temporary Restraining Order ("**First College Avenue App for TRO**"), allegedly affecting the College Avenue Property, which was filed in the First College Avenue State Court Action. Despite filing a proof of service declaring that Creditor was served with the First College Avenue App for TRO, Creditor was never served as he was out of town at the time. As a result, the Court issued a temporary restraining order and set a hearing on an order to show cause as to why an injunction should not be issued ("**College Avenue OSC**"). Creditor opposed the College Avenue OSC and, on October 24, 2022, the Court issued an Order Denying TRO and OSC ("**First College Avenue Order Denying OSC**"). [*See* Creditor's Declaration in support of Motion for Relief, paragraph 9, Exhibit "C", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

**First Ben Yu Bankruptcy (Debtor: Ben Yu, Case No. 22-50976-SLJ) College Avenue Property**

On October 26, 2022, two days after the Court in the First College Avenue State Court Action issued the First College Avenue Order Denying OSC, Ben Yu filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number

22-50976-SLJ ("**First Ben Yu Bankruptcy**"). In his Bankruptcy Petition, Ben Yu declared that he lives at the College Avenue Property. He failed to list the last four digits of his Social Security Number. [*See* Creditor's Declaration, paragraph 9, Exhibit "D", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] Ben Yu failed to file missing documents, and as a result, the Court issued an Order and Notice of Dismissal on November 10, 2022"). [*See* Creditor's Declaration, paragraph 9, Exhibit "E", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

**Second Ben Yu Bankruptcy (Debtor: Ben Yu, Case No. 22-51110-MEH) College Avenue Property**

On December 9, 2022, less than 30 days after the First Ben Yu bankruptcy was dismissed and three before the continued foreclosure sale, Ben Yu filed another bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-51110-MEH ("**Second Ben Yu Bankruptcy**"). Once again, Ben Yu declared he lives at the College Avenue Property and filed an incomplete Petition and the Court issued an order to file required documents and notice of automatic dismissal on December 9, 2022. Additionally, in his Second Ben Yu Bankruptcy Petition, Ben Yu again failed to list the last four digits of his Social Security Number. [*See* Creditor's Declaration, paragraph 9, Exhibit "F", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] On January 4, 2023, Ben Yu filed an Ex Parte Motion to Extend the Automatic Stay ("**First Ben Yu Motion to Extend**"). Ben Yu's First Motion to Extend was identical to the Motion to Extend filed by his associate, Yolanda Jin, in Bankruptcy Case No. 22-30660-DM (discussed below). On January 5, 2023, due to procedural deficiencies, the Court denied the First Ben Yu Motion to Extend. On January 6, 2023, Ben Yu filed an Ex Parte Motion to Set Hearing for Extension of the Automatic Stay ("**Ben Yu's Second Motion to Extend**"). That same day, Vincent Wood substituted in as counsel for Ben Yu. On January 11, 2023, after hearing, the Court issued an Order Denying Ben Yu's Second Motion to Extend the Automatic Stay. [*See* Creditor's Declaration, paragraph 9, Exhibit "G", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] On January 23, 2023, due to Ben Yu's failure to file the missing documents, the Court issued an

Order and Notice of Dismissal. [*See* Second Ben Yu Bankruptcy, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 44.]

**State Court Lawsuit, Santa Clara Superior Court, Case No. 23CV409727 ("Second College Avenue State Court Action") College Avenue Property**

On January 10, 2023, before the hearing on Ben Yu's Second Motion to Extend and the day before the continued scheduled foreclosure sale of the College Avenue Property, the Debtor, in the Second College Avenue State Court Action, filed an Ex Parte Application for Temporary Restraining Order ("**Second College Avenue App for TRO**") affecting the College Avenue Property. Creditor was not served with the Second College Avenue App for TRO. At the hearing, on January 10, 2023, which Creditor was not aware of at the time, the Court denied the Second College Avenue App for TRO due to Debtor's failure to provide a proof of service and because there was no showing of a likelihood of success on the merits. ("**Second College Avenue Order Denying TRO**"). [*See* Creditor's Declaration in support of Motion for Relief, paragraph 9, Exhibit "H", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

**First Y. Roger Yu Bankruptcy (Debtor: Y. Roger Yu, Case No. 23-50023-MEH) College Avenue Property**

On January 11, 2023, the same day the Second College Avenue Order Denying TRO was entered in the Second College Avenue State Court action and the same day the Order Denying Ben Yu's Motion to Extend the Automatic Stay was entered in the Second College Avenue Bankruptcy, Debtor filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 23-50023-MEH ("**First Y. Roger Yu Bankruptcy**"). Debtor filed an incomplete Petition and the Court issued an order to file required documents and notice of automatic dismissal on January 11, 2023. [*See* Creditor's Declaration in support of Motion for Relief, paragraph 9, Exhibit "I", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] On January 24, 2023, Farsad Law Office, P.C. substituted in as counsel for the Debtor. [*See* First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 12.] On January 25, 2023, the Debtor filed a motion to extend the time to file his

schedules. The reason for the request was that Debtor needed additional time gather and submit their most recent financials to allow a detailed assessment. The request was granted and Schedules were due on February 10, 2023.

On February 2, 2023, Creditor filed his Motion for Relief re the College Avenue Property (and other properties). On February 10, 2023, the Debtor filed his Schedules. On February 10, 2023, the Debtor filed a Chapter 13 Plan which provides for monthly Plan payments of $12,319 for 60 months and to avoid Creditor's lien on the College Avenue Property. On February 15, 2023, the Debtor filed his Motion to Convert and opposition to the College Avenue motion for relief. In his opposition to the College Avenue Motion for Relief, the Debtor provides that the Cherry Street Property, Alder Street Property and 3rd Street Property will be dealt with in the other bankruptcies or civil litigation (described below).

9. Creditor's loan is all due and payable as it matured on December 1, 2022. The amount owed to Creditor is currently $324,790.17. [*See* Creditor's Declaration in support of Motion for Relief, paragraph 10 and paragraph 11, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

10. Debtor, as Trustee of certain Trusts, is not only the borrower on the College Avenue Property, but he is the borrower on the Cherry Street Property, Alder Street Property and the 3rd Street Property. The Debtor and his associates are involved in a part of a scheme to delay, hinder, or defraud Creditor. [*See* Creditor's Declaration in support of Motion for Relief, paragraph 15, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] Those schemes, are identical to the College Avenue Property scheme.

**State Court Lawsuit, Alameda Superior Court, Case No. 22CV019561 ("Alder Court State Court Action") Alder Court Property**

Creditor is also the current payee of a Promissory Note dated November 11, 2020 in the principal amount of $307,000.00 (the "**Alder Court Note**") secured by a Second Deed of Trust secured by the Alder Court Property. Debtor, Trustee of the 36500 Alder Court Trust dated July 28, 2017 is the borrower on the Alder Court Note. On October 14, 2022, four (4) days prior to the foreclosure sale of the Alder Court Property, Brian Yu ("**Brian Yu**") filed a

Complaint and Ex Parte Application for Temporary Restraining Order ("**Alder Court Complaint and Alder Court App for TRO**"), allegedly affecting the Alder Court Property, which was filed in the Alameda Superior Court, Case No. 22CV019561 ("**Alder Court State Court Action**"). On October 17, 2022, the Court set an Order to Show Cause for Preliminary Injunction ("**Alder Court OSC**") for November 10, 2022. Creditor opposed the Alder Court OSC and after hearing, on December 22, 2022, the Court issued an Order Denying the Preliminary Injunction ("**Alder Court Order Denying PI**"). [*See* Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "J", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

**Brian Yu Bankruptcy, (Debtor: Brian Yu, Case No. 22-41315-WJL) Alder Court Property**

On December 29, 2022, just one week after the Court in the Alder Court State Court Action issued the Alder Court Order Denying PI, Brian Yu filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-41315-DM ("**Brian Yu Bankruptcy**"). Brian Yu failed to list his Social Security Number on the Petition. Additionally, Brian Yu filed an incomplete Petition. [See Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "K", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] Therefore, on December 29, 2022, the Court issued an Order to File Required Documents and Notice of Automatic Dismissal. [*See* Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "L, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] On January 12, 2023, Brian Yu filed an Ex Parte Motion to Extend Time to File Case Opening Documents ("**Brian Yu's Motion to Extend Time To File Documents**"). On January 13, 2023, the Court granted Brian Yu's Motion to Extend Time To File Documents. The Brian Yu Bankruptcy is still pending at this time. [*See* Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "M, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

**State Court Lawsuit, San Mateo Superior Court, Case No. 22CIV04149 ("First Cherry Street State Court Action") Cherry Street Property**

Creditor is also the current payee of a Promissory Note dated November 11, 2020

8

in the principal amount of $308,000.00 (the "**Cherry Street Note**") secured by a Second Deed of Trust secured by the real property located at 1047 Cherry Street, San Carlos, CA 94070 ("**Cherry Street Property**"). Debtor, as Trustee of the 1047 Cherry Street Trust, Dated July 28, 2017, is the borrower on the Cherry Street Property. After default on the Cherry Street Note, Creditor proceeded with foreclosure on the Cherry Street Property. On October 10, 2022, two days prior to the foreclosure sale, Yolanda Jin (**"Jin"**) filed a Petition for Temporary Restraining Order ("**First Cherry Street Petition for TRO**") which was filed in the San Mateo Superior Court, Case No. 22CIV04149 ("**First Cherry Street State Court Action**"). Also on October 10, 2022, Jin filed an Ex Parte Application for Temporary Restraining Order ("**First Cherry Street App for TRO**"). Again, despite filing a proof of service declaring that Creditor was served with the First Cherry Street App for TRO, Creditor was never served as he was out of town at the time. As a result, the Court granted the First Cherry Street App for TRO and set an Order to Show Cause Hearing ("**First Cherry Street OSC**") for October 27, 2022. Creditor opposed the First Cherry Street OSC and, on November 8, 2022, the Court issued the Order Denying Preliminary Injunction ("**First Cherry Street Order Denying PI**"). [*See* Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "N", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

**First Jin Bankruptcy (Debtor: Yolanda Jin, Case No. 22-30626-DM) Cherry Street Property**

On November 15, 2022, a week after the Court in the Cherry Street State Court Action issued the First Cherry Street Order Denying PI, Jin filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-30626-DM ("**First Jin Bankruptcy**"). Jin in her Bankruptcy Petition, filed in the First Jin Bankruptcy, failed to list her Social Security Number. The First Jin Bankruptcy was dismissed on December 2, 2022 due to her failure to file required documents. [*See* Creditor's Declaration, paragraph 15, Exhibit "O" and Exhibit "P", respectively, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

///

**Second Jin Bankruptcy (Debtor: Yolanda Jin, Case No. 22-30660-DM) Cherry Street Property**

On December 2, 2022, Jin filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-30660-DM ("**Second Jin Bankruptcy**"). Jin failed to list her Social Security Number. Instead she stated in the Petition that she has applied for a ITIN ("**Tax Payer Identification Number**") and that it is still pending. On December 29, 2022, Jin filed an Ex Parte Motion to Extend Automatic Stay ("**Jin Motion to Extend**"). The Jin Motion to Extend was identical to the First Ben Yu Motion to Extend and the Second Ben Yu Motion to Extend (discussed above). On January 3, 2023, the Court denied the Jin Motion to Extend. On January 5, 2023, due to Jin's failure to file the missing documents, the Court issued an Order and Notice of Dismissal for Failure to Comply. [*See* Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "Q" and Exhibit "R", respectively, First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

**State Court Lawsuit, San Mateo Superior Court, Case No. 23CIV00088 ("Second Cherry Street State Court Action") Cherry Street Property**

On January 9, 2023, two days prior to the scheduled Foreclosure sale, and days after the Jin Motion to Extend was denied, Debtor filed an Ex Parte Application for Temporary Restraining Order ("**Second Cherry Street App for TRO**"). In the Second Cherry Street App for TRO the Debtor declared that he resided at the Cherry Street Property. On January 9, 2023, the Court issued the TRO ("**Second Cherry Street TRO**") and set an Order to Show Cause Hearing **("Second Cherry Street "OSC"**) for February 17, 2023. Creditor was not served with the Second Cherry Street App for TRO and therefore had no way to oppose. The Second Cherry Street State Court Action is still pending. [*See* Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "S", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

**State Court Lawsuit, Alameda Superior Court, Case No. 22CV019563 ("3rd Street State Court Action") 3rd Street Property**

Creditor is also the current payee of a Promissory Note dated November 17, 2020,

in the principal amount of $210,000.00 (the **3rd Street Note**") secured by a Second Deed of Trust secured by the **3rd Street Property.** The Debtor, as Trustee of the 37591 Third Street Trust, is the borrower on the 3rd Street Property. On October 14, 2022, four (4) days prior to the foreclosure sale of the 3rd Street Property, Harry Yu ("**Harry Yu**") filed a Complaint and Ex Parte Application for Temporary Restraining Order Without Hearing ("**3rd Street App for TRO**"), allegedly affecting the 3rd Street Property, which was filed in the Alameda Superior Court, Case No. 22CV019563 ("**3rd Street State Court Action**"). Also on October 14, 2022, Harry Yu filed a Motion for Preliminary Injunction ("**3rd Street MTN FOR PI**"). On October 14, 2022, the Court granted the 3rd Street App for TRO, issued a temporary restraining order ("**3rd Street TRO**"), and scheduled a Hearing on the 3rd Street MTN FOR PI for October 26, 2022. Harry Yu claimed that he served Creditor with the 3rd Street MTN FOR PI. However, Creditor was not served as he was out of town at the time. Creditor opposed the 3rd Street MTN FOR PI and, on December 22, 2022, the Court issued an Order Denying the 3rd Street MTN FOR PI ("**3rd Street Order Denying PI**"). [*See* Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "T", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.]

**Harry Yu Bankruptcy, (Debtor: Harry Yu, Case No. 22-41324-WJL) 3RD Street Property**

On December 30, 2022, just one week after the Court in the 3rd Street State Court Action issued the Order Denying 3rd Street MTN FOR PI, Harry Yu ("**Harry Yu**") filed bankruptcy under Chapter 13 of the Bankruptcy Code, in the Northern District of California, case number 22-41324-WJL ("**Harry Yu Bankruptcy**"). Harry Yu failed to list his Social Security Number on the Petition. Additionally, Harry Yu filed an incomplete Petition. [See Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "U", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] Therefore, on December 30, 2022, the Court issued an Order to File Required Documents and Notice of Automatic Dismissal. [*See* Creditor's Declaration in support of Motion for Relief, paragraph 15, Exhibit "V", First Y. Roger Yu Bankruptcy, Case No. 23-50023-MEH, Docket No. 30.] The foreclosure sale on the 3rd Street Property is currently scheduled for March 21, 2023.

11. Debtor has failed to make his first proposed plan payment of $12,319.00

## II. ARGUMENT

**Debtor's Attempt to Convert is Merely Stall Tactic As He Appears Unable to Reorganize**

As the Supreme court held in the <u>Marrama v. Citizens Bank of Massachusetts,</u> 549 U.S. 365, 374–75, 127 S. Ct. 1105, 1111–12, 166 L. Ed. 2d 956 (2007), bankruptcy judges have broad authority to "to take any action that is necessary or appropriate "to prevent an abuse of process" described in § 105(a) of the Code, is surely adequate to authorize an immediate denial of a motion to convert filed under § 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors."

Here, the Debtor is seeking to convert the case to Chapter 11, not to reorganize, but to continue with his scheme to avoid Creditor's valid foreclosure.

**Debtor's Continued Scheme to Delay Creditor's Foreclosure**

(a) Repeated Bankruptcy Filings

As discussed above, Debtor and his associates have filed six (6) State Court actions and seven (7) bankruptcy filings in their efforts to hinder, delay and defraud Creditor from proceeding with the foreclosure action on all four of the Properties. While the Debtor provides that he is only the partial owner of the College Avenue Property, he is not the owner of the other three properties. Taking just the College Avenue Property, there have been two (2) state court actions and three (3) bankruptcies affecting that property in the last four (4) months. Now the Debtor, without any supporting evidence, is claiming that the case was filed in good faith and he wants to reorganize. His initial proposal was to make plan payments of $12,319 per month and to strip off Creditor's lien. The Debtor failed to make his first plan payment and is now seeking to convert this case to Chapter 11 to further stall.

(b) Debtor Does Not Have the Ability to Reorganize and has Failed to Provide Tax Returns

Pursuant to the Debtor's Schedule I, all of Debtor's income is derived from the operation of his own business but he has failed to provide any attachment or proof of income. Further, the

1 | Debtor has failed to file his tax returns with the Chapter 13 Trustee. Pursuant to 11 U.S.C. § 521(e)(2)(A)(ii), this case should be dismissed, not converted.

A reorganization that includes the Property is not possible in a Chapter 11 and appears to be yet another scheme to delay a valid foreclosure. As a result, the Debtor should not be allowed to convert this case to a Chapter 11, as he has failed to show any ability to fund a plan of reorganization. This would be allowing Debtor to merely stall Creditor's rights further. Debtor has already had the benefit of the automatic stay. He should not be able to stall further.

WHEREFORE, Creditor prays that Debtor's Motion to Convert be denied and for any such relief that the Court deems just and proper.

SCHEER LAW GROUP, LLP

Dated: March 1, 2023

/s/ REILLY D. WILKINSON
#250086