Josephine E. Salmon (SBN 206167)
jsalmon@aldridgepite.com
Joseph C. Delmotte (SBN 259460)
jdelmotte@aldridgepite.com
**ALDRIDGE PITE, LLP**
8880 Rio San Diego Drive, Suite 725  San Diego, CA 92108  Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for
LoanCare, LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Y. ROGER YU,<br><br>Debtor. | Case No. 23-50023<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE: April 17, 2023<br>TIME: 9:30 AM<br>PLACE: Teleconference |

LoanCare, LLC (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Y. Roger Yu (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The objection is based on Creditor's Proof of Claim No. 10 and the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

### 1) INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for Creditor's claim. Specifically, Debtor's Plan fails to provide for a cure of Creditor's pre-petition claim in full. For the reasons set forth herein, the Court should deny confirmation of the Debtor's Chapter 13 Plan.

### 2) STATEMENT OF FACTS

1. Creditor's claim is evidenced by a promissory note executed by Debtor and dated January 8, 2014, in the original principal sum of $210,000.00 (the "Note"). A copy of the Note is

attached to Creditor's proof of claim no. 10 as filed on the Court's claims register ("CCR") in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a deed of trust (the "Deed of Trust[1]") encumbering the real property commonly known as 37591 3rd St, Fremont, California 94536-2845 (the "Subject Property"). A copy of the Deed of Trust is attached to Creditor's proof of claim no. 10 as filed in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the beneficial interest in the Deed of Trust was transferred to Creditor. A copy of the Assignment of Deed of Trust is attached to Creditor's proof of claim no. 10 as filed in the instant bankruptcy case and incorporated herein by reference.

4. On January 11, 2023, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California, San Jose Division, and was assigned case number 23-50023.

5. On March 22, 2023, Creditor filed its proof of claim (the "Proof of Claim") secured by the Subject Property with a total outstanding balance in the amount of $168,933.67, and a pre-petition arrearage claim of $1,327.50. A copy of Creditor's Proof of Claim is attached hereto as Exhibit A and is incorporated herein by reference.

### 3) ARGUMENT

**A. DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED.**

The provisions of 11 United States Code ("US.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**1. Debtor's Chapter 13 Plan Cannot Be Confirmed Because Debtor's Secured/Unsecured Debt Exceeds the Chapter 13 Debt Limits.**

Section 109(e) of the Bankruptcy Code sets the "debt limits" for a Chapter 13 debtor and

---
[1] The Note and Deed of Trust are collectively referred to herein as the "Subject Loan."

provides that noncontingent, liquidated, unsecured debts must be less than $394,725.00, and noncontingent, liquidated, secured debts must be less than $1,184,200.00, to qualify for relief under Chapter 13[2]. See 11 U.S.C. § 109(e).

The Debtor's Bankruptcy Schedules reflect unsecured debt in the total amount of $3,110.476, and secured debt in the total amount of $2,921,913.00. As the limit for unsecured/secured debt in a Chapter 13 case is $394,725.00/$1,184,200.00, the Debtor does not qualify for relief under Chapter 13 and the Plan cannot be confirmed.

**2. Debtor's Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of Creditor's Claim.**

11 U.S.C. Section 1325(a)(5)(B)(ii) requires a debtor's Chapter 13 Plan to distribute at least the allowed amount of a creditor's secured claim. See 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. See Barnes v. Barnes (In re Barnes), 32 F.3d 405, 407 (9th Cir. 1994); see also In re Lucas, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the debtor in demonstrating compliance with section 1325(a). Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440 (9th Cir. 1986).

The Debtor's Plan cannot be confirmed as proposed because it fails to properly provide for the cure Creditor's pre-petition arrears or ongoing monthly post-petition payments. As previously discussed, Creditor's claim for pre-petition arrears secured claim is in the total amount of $1,327.50. See Claim No. 10. However, the Debtor's Chapter 13 Plan fails to provide for payment of the pre-petition arrears on Creditor's secured claim and fails to provide for ongoing monthly post-petition payments. As the Debtor's Plan fails to provide for a cure of Creditor's pre-petition arrears, it fails to satisfy 11 U.S.C. 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

**3. Debtor's Chapter 13 Plan Should Not Be Confirmed Because It Fails to Provide for Ongoing Post-Petition Payments.**

Section 1322(b)(5) of the Bankruptcy Code provides for the maintenance of post-petition

---

[2] Effective for bankruptcy petitions filed on or after April 1, 2016.

payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan. 11 U.S.C. § 1322(b)(5). Here, the loan relating to Creditor's secured claim matures\February 1, 2044, which is after the term of the Debtor's Plan, yet the Plan makes no provision for ongoing post-petition payments. As the Debtor's Plan fails to provide for the maintenance of post-petition payments on Creditor's secured claim, it cannot be confirmed as proposed.

## IV. CONCLUSION

In light of the Debtors' Plan's failure to provide for a cure Creditor's pre-petition claim in full, the Debtors exceeding the Chapter 13 debt limit, and the Plan's failure to provide for ongoing post-petition payments as required under the loan documents. Creditor respectfully requests that the Court deny confirmation of the Debtors' Chapter 13 Plan, or alternatively, convert the Debtors' case to one under Chapter 7 of the Bankruptcy Code. WHEREFORE, Creditor respectfully requests:

i) That confirmation of the Debtor's Chapter 13 Plan be denied;

ii) Alternatively, that the Plan be amended to provide for the pre-petition arrears listed in Creditor's Proof of Claim to be paid within a period not to exceed sixty (60) months; and

iii) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: April 17, 2023   ALDRIDGE PITE, LLP

By: /s/ Josephine E. Salmon
JOSEPHINE E. SALMON (SBN 206167)
Attorneys for LoanCare, LLC

| | |
|---|---|
| 1 | Josephine E. Salmon (SBN 206167) |
| | jsalmon@aldridgepite.com |
| 2 | Joseph C. Delmotte (SBN 259460) |
| | jdelmotte@aldridgepite.com |
| 3 | **ALDRIDGE PITE, LLP** |
| | 4375 Jutland Drive, Suite 200 |
| 4 | P.O. Box 17933 |
| | San Diego, CA 92177-0933 |
| 5 | Telephone: (858) 750-7600 |
| | Facsimile: (619) 590-1385 |

Attorneys for LOANCARE, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 23-50023 |
| Y. ROGER YU AKA YINTAO YU, | Chapter 13 |
| Debtor(s). | R.S. No. |
| | **PROOF OF SERVICE** |

I, Ana Vetter, declare that:

I am employed by Aldridge Pite, LLP. My business address is: 4375 Jutland Drive, Suite 200; P.O. Box 17933, San Diego, CA 92177-0933. I am over the age of eighteen years and not a party to this cause.

On April 17, 2023, I caused the following documents:

- **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

to be served in said cause by placing a copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail, and/or via electronic means pursuant to Bankruptcy Local Rule 9013-3(c) as follows:

/s/Ana Vetter

**DEBTOR**

Y. Roger Yu
115 College Ave
Mountain View, CA 94040
(Via U.S. Mail)

**DEBTOR'S ATTORNEY**

Arasto Farsad
FarsadLaw1@gmail.com
(Via NEF)

**TRUSTEE**

Devin Derham-Burk
ctdocs@ch13sj.com
(Via NEF)

**U.S. TRUSTEE**

U.S. Trustee
Department of Justice
USTPRegion17.SJ.ECF@usdoj.gov
(Via NEF)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 17, 2023      /s/___Ana Vetter_____